**DELMONTE CAFE, INC., Appellant-Appellee, v. DEPARTMENT OF LIQUOR CONTROL et, Appellees-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 5457. Decided May 21, 1956.

Jerome Jesionowski, Toledo, for appellant-appellee.

C. William O'Neill, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for appellees-appellants.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

Per CURIAM.

Appeal on questions of law from a judgment of the Common Pleas Court finding that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and is in accordance with law; but also finding that the 45 day suspension "is unreasonable, considering the nature of the offense," and adjudging that the order of the Board be modified by reducing the suspension to a period of 15 days.

The decision of the Court was rendered November 8, 1955, prior to the publication on November 28, 1955, of the decision of the Supreme Court in **Andrews v. Board, 164 Oh St 275.** It does not conclusively appear from the opinion of the Common Pleas Court that the Court failed to comply with the procedure delineated in the Andrews case.

460

Cf. Petropulos v. Board, Franklin County Court of Appeals, March 13, 1956, unreported. Furthermore, no error is assigned with respect to the finding that the order is supported by reliable, probative and substantial evidence and is in accordance with law.

Sec. 119.12 R. C. provides in part:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated or modified on appeal." (Emphasis added.)

The Court having found that the order is supported by reliable, probative and substantial evidence and is in accordance with law had no power under the statute to modify the penalty by reducing it from 45 days to 15 days.

Judgment of the Common Pleas Court is therefore modified by deleting that portion thereof with respect to the modification of the penalty and in lieu thereof ordering that the order of the Board of Liquor Control be affirmed.

Judgment as modified affirmed and cause remanded to the Board of Liquor Control for further proceedings, if any be necessary.

MILLER, PJ, HORNBECK and FESS, JJ, concur.