CARPENTER et, Plaintiff-Appellee, v. SINCLAIR, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24376.   Decided April 2, 1958.

William Saxbe, Atty. Genl., Joseph A. Marchese, Asst., for plaintiff-appellee.

Mayer, McDermott, and Associates, Herschel G. Holland, of counsel, for defendant-appellant.

## OPINION

Per CURIAM:

This action originated before the Board of Real Estate Examiners where defendant-appellant was charged with violation of §4735.18 R. C., subdivisions (A), (B), (E), and (T), which read as follows:

"(A) Knowingly making any misrepresentation;

"(B) Making any false promises with intent to influence, persuade, or induce;

"(E) Failure within a reasonable time to account for or to remit any money coming into his possession which belongs to others;

"(T) Having offered real property for sale or for lease without the

knowledge and consent of the owner or his authorized agent, or on any terms other than those authorized by the owner or his authorized agent;"

At the conclusion of the hearing, the Board revoked appellant's salesman's license. Upon appeal to the Court of Common Pleas, the finding and determination of the Board was affirmed. The case is here appealed on questions of law from the judgment of affirmance of the Court of Common Pleas.

This is a companion case to the case of **Quinn v. State Board of Real Estate Examiners, 104 Oh Ap 316, 137 N. E. 2d 777.** Both cases were tried upon the same transcript of testimony taken before the Board. However, that case must be distinguished from the instant case on the facts as they relate to this defendant. We shall here discuss merely these facts and will not discuss the principles of law involved since the same are fully discussed in the Quinn case, supra.

Concerning the complaint under subdivision (A), the first of the alleged misrepresentations is that the plaintiff stated to the complainants, Paul L. Ponder and his wife, Hazel, who were the prospective purchasers, while they were viewing the premises in question, that the property was provided with sewers when, in fact, there were none. Although defendant-appellant denies that this misrepresentation was made, there is ample evidence in the record to support this charge. Whether the misrepresentation was knowingly made with intent to deceive would present a serious question if we were considering this case de novo. This could have been a natural mistake in view of all the circumstances set forth in the record because the basement was very dry and there was no sump pump on the premises, a fact which the prospective purchaser noted. However, inasmuch as this case is presented to us on the record and the members of the Board having seen and heard the witnesses, this finding of fact by the Board is entitled to receive great weight upon this review.

The second of the alleged misrepresentations is that appellant stated to Ponder that the age of the house was fifteen years when the records of the City of Parma showed that major repairs were made in 1935, indicating that the house was older than fifteen years. Ponder testified that when he asked appellant the age of the house "he said something it was pretty low and I understood it to be 15 years." No where in the record is there evidence showing the age of the house in question. It is also significant that the Veterans Administration Certificate of Reasonable Value notes the age of the house to be fifteen years. Although this Certificate had not been issued at the time Sinclair made his alleged statement, there is evidence indicating that the alleged statement could have been an honest mistake and not an intentional false representation. This interpretation is fortified by the fact that the listing was an open listing that had just been obtained from the owner of the house who could only give evidence at the hearing through an interpreter. Moreover, it is likely but not certain from a reading of the record that this was the first time that Sinclair had seen the house and if the Veterans Administration, with their skilled staff, could make a mistake as to the age of the house after an appraisal, the appellant certainly could do the

same under the facts and circumstances as shown in the record. Therefore, we are unable to say that the finding of the Board in this respect is supported by reliable, probative and substantial evidence.

There is no evidence in the record to support the complaint that appellant made any false promises with intent to influence, persuade or induce unless it be appellant's assurance that the owner of the property did not want it to be financed by a G. I. Loan, that he could get it "straightened out" or that "He could take care of it." There is evidence in the record that Sinclair told Quinn, his employer, that the owner did not wish to sell the property under a G. I. Loan. However, in typing the offer of purchase, Sinclair's employer made no reference to financing through a G. I. Loan, the only reference to financing being that the sale was to be secured by a "first mortgage to any bank or trust company." The owner of the property (Maleski) subsequently did agree, apparently reluctantly, to have the property financed by a G. I. Loan. Moreover, the complainants were aware that the owner did not want the property to be so financed.

As to the complaint under subdivision (E) that appellant failed within a reasonable time to account for or to remit any money coming into his possession which belonged to others, there is absolutely no evidence in the record of such conduct upon the part of the salesman. There were no sums of money which came into the possession of appellant relative to this transaction. It is clear that the down payment of $500 was delivered to Quinn, appellant's employer, who deposited the down payment and the employer and not the salesman is the one who refused to return the down payment to complainants when adequate financing was not secured. Therefore, we consider that this charge against the appellant is entirely without merit.

As to the complaint under subdivision (T) that appellant offered real property for sale without the knowledge or consent of the owner or his authorized agent, or on any terms other than those authorized by the owner or his authorized agent, there is evidence in the record that the owner of the house told appellant that he would not accept a loan approved by the Veterans Administration. The record is replete with reference by appellant, complainants and witnesses, that the owner "did not want" or "especially want" or too much favor the property being financed by a G. I. Loan. From this record, it cannot categorically be said that the owner would not sell the property if the sale was to be made by means of a G. I. Loan, and furthermore, as hereinbefore stated, there is evidence that Sinclair advised his employer concerning this matter. In any event, we do not think the evidence on this point meets the test set forth in §119.12 R. C., that the finding of the Board be supported by reliable, probative and substantial evidence.

Thus the only finding of the Board that is supported by any reliable, probative and substantial evidence is that appellant knowingly made a misrepresentation only in respect to the statement that the house contained sewers when there were none.

In conclusion, it appars to this court that the appellant was not guilty of any of the other charges made against him and in view of our analysis of the evidence, we are of the opinion that the penalty of

revocation of appellant's license was entirely too harsh and severe under all of the facts and circumstances shown in the record.

Under the provisions of §119.12 R. C., this court has jurisdiction to reverse, vacate or modify the judgment on appeal. Therefore, proceeding to exercise our jurisdiction to modify the judgment, it is the judgment of this court that the order revoking appellant's license be reversed and that the judgment be modified to a suspension of a period of thirty days.

Exceptions noted. Order see journal.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.