In re Revocation of License: Jenkins, d. b. a. Key Realty Co., Appellee, v. Board of Real Estate Examiners, Appellant.

(No. 8458—Decided June 16, 1958.)

*Mr. Fred W. Murphy*, for appellee.
*Mr. William Saxbe*, attorney general, and *Mr. R. E. Wright*, for appellant.

*Per Curiam.* This is an appeal from a judgment rendered by the Court of Common Pleas of Hamilton County, modifying a ruling by the State Board of Real Estate Examiners.

It appears from the record that Oliver L. Jenkins was a duly licensed real estate broker, against whom charges of misconduct were filed before the State Board of Real Estate Examiners which, after a hearing, revoked his license. He appealed to the Court of Common Pleas. That court heard additional evidence, and, upon the whole record, on October 22, 1957, affirmed the revocation and found that the order of the State Board of Real Estate Examiners was supported by "reliable, probative and substantial evidence" and was "in accordance with law."

On motion for a rehearing, the court, on April 3, 1958, made the following order:

"And the court being fully advised in the premises and upon full consideration of the entire record and argument of counsel, finds the order of the State Board of Real Estate Examiners is supported by reliable, probative and substantial evidence and is in accordance with the law, and hereby affirms the same.

"The court coming on now to consider the penalty imposed

by the said board of real estate examiners, finds that the penalty imposed is unduly extreme and harsh and hereby modifies the said order imposing the said penalty and orders, and that the said real estate broker's license for the said Oliver L. Jenkins, d. b. a. the Key Realty Company be suspended for a period of one year from March 13, 1957."

This is the order appealed from by the state board.

The argument, both orally and by brief, was devoted largely to the power of the Common Pleas Court under Section 119.12, Revised Code, upon an appeal from the state board. It was argued that if the Court of Common Pleas finds that the order of the state board is supported by reliable, probative, and substantial evidence, it has no power to modify the order, but must affirm it. With that argument, we find no fault.

As we see it, the decisive question is whether the Common Pleas Court made the finding that the order of the state board in its entirety was supported by reliable, probative, and substantial evidence. We do not think the court so found.

Construing the entire order, we think it shows that the court found that the order of the state board finding that Jenkins had been guilty of misconduct justified some disciplinary action, but there is no finding that the punishment imposed (revocation of license) was supported by reliable, probative and substantial evidence. On the contrary, in the second paragraph, there is an express *finding* that "the penalty imposed is unduly extreme and harsh."

We find nothing in the statute that requires the court, upon a finding that some punishment is justified, to allow the punishment imposed by the state board to stand, no matter how excessive it may be as shown by the record.

A reading of the record convinces this court that the Common Pleas Court was entirely justified in concluding that the severity of the punishment was not supported by reliable and substantial evidence.

We find no error prejudicial to the appellant apparent upon the record.

The judgment is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., MATTHEWS and LONG, JJ., concur.