**HENRY'S CAFE, INC., d. b. a. HENRY'S CAFE, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL et, Appellees-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 5970. Decided January 6, 1959.

Gregory C. Karas, Dayton, Charles T. Kaps, Columbus, for appellant-appellee.

William Saxbe, Atty. Genl., Chester Hummell, Asst. Atty. Genl., Columbus, for appellees-appellants.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

### OPINION

By HORNBECK, J.

This is an appeal from a judgment of the Common Pleas Court

modifying an order of the Board of Liquor Control revoking the permit of Henry's Cafe, Inc.

The permit holder was charged with two violations of the Liquor Control Act and regulations of the Board of Liquor Control:

1. Allowing and conducting in and upon the permit premises, gaming or wagering on a game of skill or chance.

2. Knowingly or willfully allowing in and upon the permit premises, improper conduct, to wit, fights, brawls and disorderly conduct.

On the appeal to the Common Pleas Court, the trial judge found "that there was gambling and disorderly conduct on the permit premises." That is to say, the evidence supported the finding of the Board of Liquor Control that there was gambling and disorderly conduct on the premises. The court further found that "the incidents which formed the basis for the two charges in this matter were the products of a scheme initiated by a third party who entered the premises and invited Henry Zochowski President of the appellant company, to engage in gambling with him for the purpose of winning money from said Henry Zochowski."

Continuing, the entry in the Common Pleas Court "finds that the Board abused its discretion and that the order of the Board of Liquor Control should be, and the same is, hereby modified from a complete revocation of appellee's permit as described above to a suspension of the same for forty-five (45) days." The judgment of the Common Pleas Court was entered in conformity to its findings.

One error is assigned:

1. The Common Pleas Court erred in modifying the penalty imposed by the Board of Liquor Control upon finding that the charges upon which the hearing was had before the Board of Liquor Control were proven.

It is and must be conceded that the permittee was guilty of both violations with which it was charged.

The evidence in one view, the most favorable to permittee, is that one Hancock, with whom the President of the permittee company engaged in gambling and afterwards fought, was adept at the game of pool upon which they engaged, and that, in probability, Hancock inveigled the President into playing the game and gambling on its results. It is doubtful, indeed, if upon any view of the evidence, it may be said that Hancock was the aggressor in the fight which followed the gambling.

The sole question is, did the Common Pleas Court on the appeal from the Board of Liquor Control have the right to modify the order of the Board revoking permittee's license after it had expressly found that the order of the Board as to the two charges alleged was supported by reliable, probative, and substantial evidence. The type of procedure and the authority of the Common Pleas Court on the appeal under consideration is conceded by the parties to be defined in the case of **Andrews v. Board of Liquor Control, 164 Oh St 275,** decided November 23, 1955, which case held contrary to **Farrand v. State Medical Board, 151 Oh St 222,** 85 N. E. (2d) 113, which opinion had been followed by this court for six years. The Andrews case was decided upon the premise that there had been substantial change in the statute which

controlled the opinion in the Farrand case. We had taken the position in the Farrand case that the appeal to the Common Pleas Court, especially where new testimony was admitted in that court, took on the characteristics of an appeal on questions of law and fact. We were reversed in the Supreme Court, which held that it was an appeal on questions of law only. We discuss at considerable length the impact of the Andrews decision in the case of Burger, etc., appellant, v. Board of Liquor Control, et al., appellees, No. 5295, Franklin County, January 3, 1956, unreported. Although the Andrews case designates the appeal from the Board to the Common Pleas Court as a hybrid, the procedure, as it defines it, and the scope of the appeal is that which is now followed in an appeal on questions of law and fact.

It is interesting to note that effective October 4, 1955, almost two years after the decision in the Andrews case, the Legislature enacted §2501.02 R. C., which specifically defines what cases are appealable on questions of law and fact. Ten such cases are set out, but no one of them includes the type of appeal here under consideration. This statute relates to appeals from courts of record inferior to the Court of Appeals. However, the record upon which the appeal on law and fact is submitted is almost identical with the procedure set out in §119.12 R. C. It is also interesting to note that the judgment which the Common Pleas Court was authorized to pronounce under the statute, as effective when the Farrand case was decided and when the Andrews case was decided, is that which is associated only with judgments on appeals on questions of law. **Sec. 119.12 R. C.**

The review in these cases is not strictly a de novo hearing, as pointed out by Judge Stewart in the opinion in the Andrews case, but it is the type of hearing provided on appeals on law and fact. **Sec. 2505.21 R. C.**

Inasmuch as the appeal of the agency relates to the construction of a statute, it could also assign as error an abuse of discretion by the Common Pleas Court in determining that the order of the Board of Liquor Control was not in accordance with law. **Katz et al, d. b. a. Century Grill, v. Department of Liquor Control of Ohio, 166 Oh St 229.** The appellant, here, elects to rely solely on the claim that the Common Pleas Court did not have the authority to modify the order of the Board of Liquor Control, having first found that the order was supported by reliable, probative, and substantial evidence.

There are two statutes involved; §§4301.25 and 119.12 R. C. Sec. 4301.25 R. C., provides:

"The board of liquor control may suspend or revoke any permit issued pursuant to **Chapters 4301.** and **4303. R. C.,** for the violation of any of the applicable restrictions of such chapters or of any lawful rule or regulation of the board or other sufficient cause, and for the following causes: * * *." And, on appeal, §119.12 R. C.: * * * * * The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or

modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

Appellant cites Robert E. Olin v. Board of Liquor Control, unreported, No. 185,761, Common Pleas Court, Franklin County, decided January 22, 1953. It should be noted, however, that in this case, the trial judge merely held that it had "no alternative open to this court but to affirm the Board if we find that the order is supported by reliable, probative, and substantial evidence **and is in accordance with law.**" (Emphasis ours.) The emphasized portion of the section was found in the cited case. It is not found in the instant case. Ganson v. Board of Liquor Control, unreported, No. 185,706, Franklin County Common Pleas Court, February 25, 1953, decided before the Andrews case in the Supreme Court, holds that "if the reviewing court finds from the record that the order is supported by reliable, probative, and substantial evidence, it has no power to reverse or modify." Attention was especially directed to the conclusion that abuse of discretion was no longer a test on judicial review from orders of administrative agencies. This judgment was affirmed in this Court of Appeals and our opinion may have suggested that the overall reason of the trial judge is sound, but it is doubtful if we at any time held that under the law of the Farrant case, the Common Pleas Court could not reverse for abuse of discretion if it did not find that the record was suported by reliable, probative, and substantial evidence and was in accordance with law.

The case of **Delmonte Cafe, Inc. v. Department of Liquor Control, 74 Abs 459, 460,** where this court held that the Common Pleas Court on the appeal from the Board of Liquor Control "had no power under the statute to modify the penalty by reducing it from forty-five (45) days to fifteen (15) days," is not parallel to the situation here presented. The Common Pleas Court in the cited case had found not only that the order from which the appeal was taken "is supported by reliable, probative, and substantial evidence" but also "is in accordance with law."

Upon the form of the order as made by the Common Pleas Court, that court was authorized to modify the order of the Board. It conforms to the syllabus in the Andrews case and, particularly, to the statement of Judge Stewart in the opinion at page 280 thereof:

"The court must read and consider all the evidence offered by both sides and must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof. In other words, the court may reverse, vacate or modify the order of the agency, unless it finds that it 'is supported by reliable, probative and substantial evidence and is in accordance with law.' "

The violations charged against the permittee were found, both by the Board of Liquor Control and by the Common Pleas Court, to have been committed. The Board was expressly authorized upon the finding of such violations to suspend or revoke the permit. Sec. 4301.25 R. C. Its order, then, was clearly in accordance with law. When the Common Pleas Court found that the order was supported by reliable, probative, and substantial evidence, its further finding that the penalty pronounced was contrary to law was inconsistent and unauthorized.

It is, therefore, our opinion that the court exceeded its authority

in holding that the penalty pronounced was contrary to law and in modifying the order of the Board of Liquor Control. It should have been affirmed upon the earlier finding. It will be so ordered.

Judgment reversed. Cause remanded with instructions to affirm the order of the Board of Liquor Control which was under review on the appeal of the permittee.

PETREE, PJ, BRYANT, J, concur.