**HENRY'S CAFE, INC., d. b. a. HENRY'S CAFE, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL et, Appellees-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 5970. Decided January 30, 1959.

Charles T. Kaps, Columbus, Gregory C. Karas, Dayton, for appellant-appellee.

Mark McElroy, Atty. Genl., Columbus, for appellees-appellants.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By HORNBECK. J.

The sole question before the court arises upon the motion of counsel for Henry's Cafe, Inc., d. b. a. Henry's Cafe, which is as follows:

"The appellant-appellee, Henry's Cafe, Inc. by its counsel, moves the Court of Appeals of Franklin County, Ohio for an order certifying its record to the Supreme Court of Ohio for the reason that the decision in the instant case is in direct conflict with decisions of other Courts of Appeals in the State of Ohio."

Appellant-appellee in his brief cites three Courts of Appeals cases, which he claims are in conflict with our judgment in this case. The first one is **In re Revocation of License: Jenkins, dba Key Realty Co. v. Board of Real Estate Examiners, 106 Oh Ap 391,** decided by the Court of Appeals of Hamilton County, Ohio, June 16, 1958. The difference in that case and our case is that in the cited case the Court of Appeals of Hamilton County found that the Common Pleas Court had not deter-

mined that the order was sustained by reliable, probative and substantial evidence.

Another case cited as being in conflict is **Carpenter v. Sinclair, 78 Abs 74,** decided by the Court of Appeals of the Eighth District, Cuyahoga County, Ohio on April 2, 1958. In the last mentioned case, the Court of Appeals there found that of four charges against the appellant upon which the order revoking the license was based, only one was proven and therefore the penalty was too severe.

Reference also is made to the case of the Silver Leaf Social Club v. Board of Liquor Control, Common Pleas Court No. 191,992, decision dated August 6, 1955, and Court of Appeals No. 5413, opinion dated April 19, 1956, by Judges Quatman, Middleton and Younger of the Third Appellate District, sitting in Franklin County by designation, in what was then the Second District Court of Appeals.

Our authority to certify arises under **Article IV, Section 6, Ohio Constitution,** and the language there used would appear not to authorize certification by the same court. While the present court is designated the Tenth District Court of Appeals, it serves only Franklin County, which county was formerly of the Second District Court of Appeals. The case arose in the Court of Appeals of Franklin County.

For the reasons above set forth it is our opinion that the motion to certify must be overruled and an entry may be so drawn.

This opinion was rendered Friday, January 30, 1959.

PETREE, PJ, BRYANT, J, concur.