Peck, J.
At the outset, we quote the pertinent portion of Section 119.12, Revised Code, because the judgment in this case depends upon an interpretation of such provision of the Administrative Procedure Act:
“The Court [of Common Pleas on appeal] may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.”
This provision confers the jurisdiction of the Court of *235 Common Pleas in the present case, which jurisdiction is exclusive and limited.
No consequential question of fact is presented by the record. The Court of Common Pleas opinion notes that the president of the appellant corporation was, as such, responsible for the conduct of the business, was present and not only permitted the gambling and fighting but was “an active participant in both.” As has been observed, no serious question concerning the facts is presented, and the only challenge is contained in appellant’s contention that the president was in the establishment and participated in the gambling and fighting as a patron rather than as the operator of the permit premises. The Common Pleas Court regarded this as “a rather specious argument,” and we are not disposed to dignify it with extensive comment. Unfortunately, the record does not enlarge upon the appellant corporation’s president’s managerial control of the permit premises, but it does disclose that he, his wife and his attorney are the sole “members” of the corporation, and the name of the establishment ("Henry’s Cafe”) contains the president’s given name.[1] Lacking the basis for considering this individual as a manager or operator of the place of business, we hold simply that, where an officer of a corporate permittee does acts or engages in conduct on the permit premises which constitute violations of the Liquor Control Act and regulations of the Board of Liquor Control, he is acting as an official of the permittee and not as a customer of the establishment.
Heavy reliance is placed by the appellant on the case of Andrews v. Board of Liquor Control, 164 Ohio St., 275, 131 N. E. (2d), 390, but we feel that case to be of little assistance in the present situation, Judge Stewart’s consideration there being limited primarily to evidentiary questions. A portion of one of séveral quotations from the Andrews case which the appellant presents in its brief is as follows:
‘‘ The court must read and consider all the evidence offered by both sides and must appraise all the evidence as to the *236 credibility of the witnesses, the probative character of the evidence and the weight thereof. In other words, the court may reverse, vacate or modify the order of the agency, unless it finds that it ‘is supported by reliable, probative and substantial evidence and is in accordance with law.’ ” (Appellant’s emphasis.)
With that statement of the law, which is merely a rephrasing of the applicable part of Section 119.12, Revised Code, we are in entire accord but point out that its mere quotation begs the question. Unquestionably, the Court of Common Pleas may reverse, vacate or modify an order of an agency unless it finds that the order is supported by reliable, probative and substantial evidence,[2] but, where it makes such a finding, it can only affirm and cannot reverse, vacate or modify.
We are thus faced with a question as to the presence or absence of the requisite quantum of evidence. In addition to the expressions in the opinion of the Court of Common Pleas (which we have considered only to the extent permitted by paragraph four of the syllabus of the Andrews case), it was expressly found in the journal entry “that there was gambling and disorderly conduct on the permit premises.” For the present purposes there are no grays in such areas, but only blacks and whites. There are no violations under extenuating circumstances, but only facts which do or do not constitute violations. The Court of Common Pleas found that there were violations, and that gambling and disorderly conduct did exist. That finding was not made in a vacuum, but with full judicial knowledge (and, we do not hesitate to add, with complete actual knowledge) of the statute which would permit reversal, vacation or modification of the board’s order, if it lacked reliable, probative and substantial evidentiary support. Patently desiring to modify the admittedly harsh order of the board, the Court of Common Pleas could find no such absence of evidence and, as an alternative route to the same end, found “that the board abused its discretion” and modified its order on that ground.
*237 Sandwiched between the court’s finding that the violations occurred and that the board abused its discretion, this sentence appears in the journal entry: “However, the court also finds that the incidents which formed the basis for the two charges in this matter were the products of a scheme initiated by a third party who entered the premises and invited Henry Zochowski, president of the appellant company, to engage in gambling with him for the purpose of winning money from said Henry Zochowski.” We have neither the inclination to comment upon nor the right to consider the conduct of a nefarious third party, in view of our conclusion that, in such an appeal, the Court of Common Pleas is not empowered to modify an order of the board on the ground of abuse of discretion. The power of the Common Pleas Court to modify an order of an agency as defined in the Administrative Procedure Act (Section 119.01 et seq., Revised Code) is limited to the grounds set forth in Section 119.12, Revised Code, and no jurisdiction exists in that court to make such modification on the ground of abuse of discretion by the agency.
While not necessary to the determination of this case, some brief additional comment seems proper in connection with the amendment of Section 119.12, Revised Code, effective, November 4, 1959, which was passed and became operative during the pendency of this case. Prior to such effective date all appeals from orders of the Board of Liquor Control under this statute were required to be to the Common Pleas Court of Franklin County, and there has naturally been an abundance of such appeals there. Lacking the guidance of Supreme Court decisions on the point primarily at issue here, the judges of that Common Pleas Court have been required to make their own determinations of their power to modify the board’s orders, and those determinations have not been entirely in accord with one another. It was partially for that reason that the Attorney General joined in the motion to certify the record to this court. A majority of the unreported decisions of that court, cited in appellees’ brief, appear to be in harmony with our conclusion here as well as with the holdings in the following cases: Farrand v. State Medical Board, 151 Ohio St., 222, 85 N. E. (2d), 113; Olin v. Board of Liquor Control, unreported case No. 4927, *238 Court of Appeals for Franklin County; Delmonte Cafe, Inc., v. Department of Liquor Control, 74 Ohio Law Abs., 459, 141 N. E. (2d), 889; and Famous Cafe v. Board of Liquor Control, No. 5893, Court of Appeals for Franklin County. See, also, the distinguishable case of Carpenter v. Sinclair, 106 Ohio App., 211, 149 N. E. (2d), 150.
While such solace as we may experience at finding that the prevailing trend of the courts below supports our own thinking may be of no importance, it is significant to note that this same trend was available to the observation of the General Assembly when, during the session just past, it had Section 119.12 under consideration. The Franklin County Court of Appeals and Common Pleas Court decisions (i. e., the decisions of the only courts then having jurisdiction), in both reported and unreported cases, cannot by any stretch of the imagination be said to be predominately in support of the appellant’s position. They either leave the situation in doubt or support the proposition that the appellate court can reverse, vacate or modify an agency’s order, if reliable, probative, and substantial evidence in support of the order is not present. Had the General Assembly been of the persuasion that the first of these alternatives existed it would have removed the doubt. Instead, its amendment concerned chiefly a jurisdictional point (extending the right of appeal to the other 87 Common Pleas Courts), and this we comprehend to be a legislative approval of the interpretation of the statute we here place upon it.
The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias and Bell, JJ., concur.
Herbert, J., concurs in paragraphs one and two of the syllabus but dissents from paragraph three thereof and from the judgment.

The statement in appellees’ brief that “he was in control of the permit premises” is not supported by the record.

There is no claim here that the finding of the Common Pleas Court is not “in accordance with law,” and for purposes of simplification we have therefore eliminated that phrase from consideration.