DEPUGH, Appellant,

v.

**OHIO DEPARTMENT OF COMMERCE, DIVISION OF REAL ESTATE, Appellee.**

[Cite as *Depugh v. Ohio Dept. of Commerce, Div. of Real Estate* (1998), 128 Ohio App.3d 528.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 97CA2350.

Decided June 25, 1998.

*Thomas M. Spetnagel,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Jody Flynn,* Assistant Attorney General, for appellee.

KLINE, Judge.

Larry A. Depugh appeals the Ross County Court of Common Pleas' affirmation of the Ohio Department of Commerce, Division of Real Estate's ("ODC's") suspension of Depugh's real estate broker's license. Depugh asserts that the ODC's decision was not supported by reliable, probative, and substantial evidence. We disagree. Accordingly, we affirm the judgment of the trial court.

I

In June 1995, Depugh entered into a listing agreement with Karl Eby ("Eby"), who held power of attorney for his mother, Ruth Eby ("Mrs.Eby"). In August 1995, Mrs. Eby died. Eby told Depugh that he hoped the court would appoint him as administrator or executor of his mother's estate. On September 6, 1995, Depugh received an offer to purchase the property from another real estate broker, Newman Rutherford, on behalf of his clients, the Hills. Depugh called Eby and told him of the terms and conditions of the offer to purchase. The next day, Eby orally accepted the contract. At the bottom of the offer to purchase, Depugh indicated Eby's oral acceptance and sent the contract to Eby to sign, along with a new listing agreement. Eby returned the signed contract for sale in his individual capacity but did not sign or return the new listing agreement. Depugh contacted Eby regarding his authority to sell the property. Eby responded that he expected the court to appoint him as administrator or executor of Mrs. Eby's estate before September 30, 1995, the date of the termination of the contract, and could then close the sale.

Depugh continued to negotiate the sale of Mrs. Eby's estate's property with Rutherford. Rutherford delivered on either Thursday, September 28, 1995, or Friday, September 29, 1995, the $100 deposit required by the real estate purchase contract to Depugh for him to hold in trust. Depugh clipped the $100 to the file until he returned it to Rutherford on October 6, 1995.

The ODC found that Depugh violated R.C. 4735.18(A)(6) for professional misconduct and R.C. 4735.18(A)(26) for failing to deposit the $100 into a trust account. The ODC suspended his license for thirty days. The Ross County Court of Common Pleas affirmed the decision, from which Depugh appeals, asserting the following assignment of error:

"The trial court erred as a matter of law in finding that the administrative order of the Ohio Department of Commerce was supported by reliable, probative, and substantial evidence."

## II

Upon an appeal from an administrative agency, the trial court is guided by R.C. 119.12, which provides:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law."

Once the agency's order reaches a court of appeals, the scope of review is more narrow. The Supreme Court of Ohio has held as follows:

"In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion '* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290.

Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. *Smith v. Sushka* (1995), 103 Ohio App.3d 465, 469, 659 N.E.2d 875, 877–878, citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 267.

Accordingly, while the trial court's standard of review is whether the board's "order is supported by reliable, probative, and substantial evidence and is in accordance with law," R.C. 119.12, this court's standard of review is whether the trial court has abused its discretion. *Smith v. Sushka, supra.* In so reviewing the judgment of the trial court, this court "must not substitute [its] judgment for [that] of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d at 261, 533 N.E.2d at 267.

■ In his only assignment of error, Depugh asserts that he did not violate R.C. 4735.18(A)(26) because he was not acting in a fiduciary capacity when he accepted the deposit from Rutherford. Specifically, Depugh argues that he did not have a valid listing agreement or contract for sale with Eby; therefore, Depugh did not have a valid broker-client relationship with Eby and did not act in a fiduciary capacity. The ODC argues that Depugh acted as a real estate broker by negotiating the sale of the property and, therefore, the money placed in his hands became a trust fund, placing upon him the duties of a fiduciary.

■ The Ohio Real Estate Commission is required by law to impose disciplinary sanctions upon any licensee, acting as a real estate broker or salesperson, who fails to "maintain at all times a special or trust bank account * * * used for the deposit and maintenance of all escrow funds, security deposits, and other moneys received by the broker *in a fiduciary capacity* * * *." (Emphasis added.) R.C. 4735.18(A)(26). R.C. 4735.18(A)(6) prohibits "misconduct" on the part of a licensee acting as a salesman or broker. "'Misconduct' includes unprofessional conduct or that conduct involving any breach of duty * * * contrary to law." *Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of Real Estate* (1990), 48 Ohio St.3d 74, 549 N.E.2d 509, paragraph two of the syllabus.

R.C. 4735.01(A) defines a "real estate broker" as:

"[A]ny person, * * * who for another, whether pursuant to a power of attorney or otherwise, and who for a fee, commission, or other valuable consideration, or with the intention, or in the expectation, or upon the promise of receiving or collecting a fee, commission, or other valuable consideration:

"(1) sells, exchanges, purchases, rents, or leases, or negotiates the sale, exchange, purchase, rental, or leasing of any real estate;

"(2) offers, attempts, or agrees to negotiate the sale, exchange, purchase, rental, or leasing of any real estate;

"* * *

"(7) directs or assists in the negotiation of any transaction, other than mortgage financing, which does or is calculated to relate in the sale, exchange, leasing, or renting of any real estate[.]"

Depugh does not dispute that he acted as a broker by attempting to sell Mrs. Eby's property. Rather, Depugh argues that because he did not have a valid listing agreement or contract of sale with an authorized representative of Mrs. Eby's estate, no fiduciary relationship resulted.

■ Although we agree with Depugh that he did not have a valid listing agreement with Eby, we do not believe that this case turns on the validity of the

contract. The existence of a fiduciary relationship depends on the facts and circumstances between the parties. *Gem Sav. Assoc. v. Edwards* (Aug. 4, 1989), Montgomery App. No. 11221, unreported, 1989 WL 87576. A fiduciary relationship need not be created by contract; it may arise out of an informal relationship where both parties understand that a special trust has been reposed. *Ed Schory & Sons, Inc. v. Soc. Natl. Bank* (1996), 75 Ohio St.3d 433, 441, 662 N.E.2d 1074, 1080–1081, citing *Umbaugh Pole Bldg. Co. v. Scott* (1979), 58 Ohio St.2d 282, 12 O.O.3d 279, 390 N.E.2d 320, paragraph one of the syllabus. A fiduciary relationship arises from a special confidence and trust placed in the integrity and fidelity of another, resulting in a position of superiority or influence, acquired by virtue of this special trust. *Ed Schory & Sons, Inc. v. Soc. Natl. Bank, supra,* citing *In re Termination of Employment of Pratt* (1974), 40 Ohio St.2d 107, 115, 69 O.O.2d 512, 517, 321 N.E.2d 603, 609. By virtue of their license, real estate brokers are held to a higher standard of competency and fairness than a member of the general public. *Alban v. Ohio Real Estate Comm.* (1981), 2 Ohio App.3d 430, 434–435, 2 OBR 524, 528–529, 442 N.E.2d 771, 775–777.

Here, Depugh, a licensed real estate broker, actively searched for buyers while Eby had a valid power of attorney. Even after Mrs. Eby died and Depugh knew that Eby could not authorize the sale, Depugh continued to negotiate the sale with Rutherford in anticipation of Eby's appointment as administrator or executor of his mother's estate. The course of action between Depugh and Eby supports a finding that Depugh's relationship with Eby after the power of attorney terminated is no less confidential than when Eby possessed authority to sell the property. Therefore, we find that the trial court did not abuse its discretion in finding that the ODC's decision was supported by reliable, probative, and substantial evidence that Depugh acted in a fiduciary capacity when he accepted the deposit from Rutherford.

■ Depugh argues that even if he was acting in a fiduciary capacity, the ODC's decision is unreasonable because his violation was a mere technicality. Depugh urges us to apply R.C. 2901.04, which provides that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

■ We find that the offenses and penalties provided for in R.C. 4735.18(A)(6) and (26) are distinct from those contemplated by R.C. 2901.04. R.C. 2901.04 is contained in the Criminal Code and applies to penal statutes that may deprive the accused of life, liberty, or property. A real estate license is not a right but a privilege, provided for and regulated by the state. R.C. 4735.18(A)(6) and (26) are "designed to protect the public in its dealings with real estate agents," *Lewis v. Carpenter* (App. 1950), 60 Ohio Law Abs. 119, 125, 100 N.E.2d 874, 877, and do not subject real estate brokers to a misdemeanor or felony charge. See R.C. 4735.99. Therefore, we decline to apply R.C. 2901.04 to construe R.C. 4735.18.

Therefore, we find that Depugh's commission of the act is sufficient to sustain the ruling of the board. *Lewis v. Carpenter, supra.*

Applying the law to the facts on the record, we find that the trial court did not abuse its discretion in finding reliable, probative, and substantial evidence that Depugh violated R.C. 4735.18(A)(6) and (26) by failing to deposit the $100 in the trust account. Depugh attempted to negotiate the sale of Mrs. Eby's estate's property as a broker and received a $100 deposit in anticipation of making the sale, but failed to deposit it in a trust account. Instead, Depugh clipped the deposit to the Eby file.

We also find that the trial court did not abuse its discretion in finding that the record contains sufficient, reliable, and probative evidence that Depugh violated R.C. 4735.18(A)(6) by engaging in misconduct. "Misconduct" as contemplated by the statute includes any violation of the law. *Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of Real Estate, supra*, 48 Ohio St.3d 74, 549 N.E.2d 509, paragraph two of the syllabus.

Last, Depugh argues that the period of his suspension was unreasonable. However, since the trial court did not abuse its discretion in concluding that the ODC's findings are supported by reliable, probative, and substantial evidence, we decline to modify or remand the decision of the ODC. See *Jenkins v. Bd. of Real Estate Examiners* (1958), 106 Ohio App. 391, 392, 7 O.O.2d 154, 154–155, 152 N.E.2d 282, 283; *Carpenter v. Sinclair* (1958), 106 Ohio App. 211, 214, 6 O.O.2d 461, 462–463, 149 N.E.2d 150, 152; see, also, *Hughes v. Ohio Div. of Real Estate* (1993), 86 Ohio App.3d 757, 621 N.E.2d 1249.

Accordingly, we overrule Depugh's sole assignment of error.

### III

In conclusion, we find that the trial court did not abuse its discretion in concluding that the record contained sufficient, reliable, and probative evidence that Depugh engaged in professional misconduct by failing to deposit money into a trust account that he received in his fiduciary capacity as a licensed real estate broker. We also find that the trial court did not abuse its discretion in finding that the ODC's order was in accordance with law. Finally, we find that the trial court did not abuse its discretion in determining that the suspension imposed by the ODC was reasonable.

Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

STEPHENSON, P.J., concurs

HARSHA, J., concurs in part and dissents in part.

HARSHA, Judge, concurring in part and dissenting in part.

I concur in judgment and opinion except for the affirmance of the penalty imposed by the agency. A one-month suspension is patently unreasonable and totally disproportionate to the appellant's conduct. I am aware that reviewing courts are not permitted to modify an administrative sanction as an abuse of discretion where the underlying order is based upon reliable, probative, and substantial evidence and was otherwise in accordance with law. See *Henry's Cafe, Inc. v. Ohio Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678 and R.C. 119.12. However, to insulate from judicial review the imposition of a sanction that is totally disproportionate to the licensee's misconduct from judicial review amounts to a denial of due process. Thus, I do not reject the agency's penalty as an abuse of discretion, but, rather, as an error of constitutional law. Accordingly, it should be reversed.