FARRAO, APPELLEE, *v.* BUREAU OF MOTOR VEHICLES, APPELLANT.

(No. 624—Decided October 29, 1975.)

Mr. *Ford L. Noble*, for appellee.
Mr. *William J. Brown*, attorney general, and Mr. *Rodney B. Teague*, for appellant.

RUTHERFORD, P. J.   On December 27, 1967, the appellee, Donald Farrao, was involved in an accident. Appellee, a state employee, was on his way home from work driving a state car when the accident occurred. Appellee had insurance on his personal car, but such policy did not cover his driving a state car home from work. The state of Ohio did not insure the vehicle for such a contingency.

The state refused to defend appellee in the lawsuit which resulted in a judgment being rendered against him, on June 29, 1972. The state was not a party to the lawsuit, nor has it paid any portion of the judgment.

On August 8, 1972, the bureau of motor vehicles received a certified copy of the judgment as being unsatisfied.   On August 11, 1972, the bureau of motor vehicles, pursuant to R. C. 4509.37, suspended appellee's operator's license and registration.   Appellee filed a Notice of Appeal to the Court of Common Pleas, pursuant to R. C. 119.12. The judgment rendered against appellee, as a result of his operation of the motor vehicle, remains unsatisfied.

A judgment was entered by the Court of Common Pleas upon the appeal taken under R. C. 119.12.   The judgment reads:

"The Court finds that a judgment was taken against Appellant arising out of a motor vehicle accident. The Court further finds that said judgment is unsatisfied.   Therefore, the order of the Bureau of Motor Vehicles is supported by reliable, probative and substantial evidence.

"The Court finds that Sections 4509.35, 4509.37 and 4509.40, Revised Code, required the Bureau to impose a suspension upon Appellant's operator's license and registration.

"However, the Court further finds that Appellant was operating a motor vehicle owned by the State of Ohio and was on his way home when the accident occurred. The State of Ohio did not insure its motor vehicles for such contingency. The Court finds that Appellant did have liability insurance at the time of the accident on his personal automobile, however, that insurance did not cover Appellant's operation of the state motor vehicle. The Court further finds that the State of Ohio refused to defend Appellant against damage claims arising out of the accident and has not paid any portion of the judgment. The Court further finds that the State of Ohio was not a party to the suit which resulted in the instant judgment.

"In consideration of the above facts the Court finds that the Bureau of Motor Vehicles cannot equitably or justly suspend Appellant's operator's license and registration. The Court hereby reverses the suspension of Appellant's operator's license and registration."

From this judgment, the bureau of motor vehicles has appealed and sets forth three assignments of error as follows:

"1. The Common Pleas Court erred when it failed to follow Sections 4509.35, 4509.37, and 4509.40, Revised Code.

"2. The Common Pleas Court lacked jurisdiction to reverse Appellant's suspension of Appellee's operator's license and registration after the Common Pleas Court found that Appellant's order was based upon reliable, probative and substantial evidence and that Appellant was required by Sections 4509.35, 4509.37 and 4509.40, Revised Code, to so act.

"3. The Common Pleas Court had no statutory authority after having found the facts as stated in its entry under Section 119.12, Revised Code, to substitute its judgment for that of Appellant and the legislature by reversing Appellant's suspension of Appellee's operator's license and registration."

R. C. 119.12, in pertinent part, provides:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of

the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. The judgment of the court shall be final and conclusive unless reversed, vacated, or modified on appeal.''

Under the provisions of R. C. 119.12, only in the absence of a finding that the decision and order of the bureau of motor vehicles is supported by reliable, probative, and substantial evidence and is in accordance with the law can the court reverse, vacate or modify the order of the bureau or make another ruling that is supported by reliable, probative, and substantial evidence and is in accordance with the law. In this case, there was no absence of such a finding; to the contrary, the court specifically found, as set forth in the judgment entry, that ''the order of the bureau of motor vehicles is supported by reliable, probative and substantial evidence'' and further ''that Sections 4509.35, 4509.37, and 4509.40, Revised Code, required the bureau to impose a suspension upon appellant's operator's license and registration.'' Such finding having been made, the court was without authorization to modify the order of the bureau and had no other alternative but to affirm such.

For the reasons set forth, appellant's assignments of error 1, 2, and 3 are each sustained. The judgment of the Court of Common Pleas, insofar as it undertook to modify the order of the bureau of motor vehicles, is reversed. The judgment of the bureau of motor vehicles appealed from is supported by reliable, probative and substantial evidence and is in accordance with the law, and final judgment is entered affirming such order.

*Judgment reversed.*

PUTMAN and DOWD, JJ., concur.