SNYDER, APPELLANT, *v.* STATE
MEDICAL BOARD, APPELLEE.

(No. 11346—Decided April 18, 1984.)

*Bernard L. Moutz* and *Robert B. Henn,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, for appellee.

GEORGE, J. The appellant, Harvey J. Snyder, Jr., M.D., appeals the judgment of the trial court affirming the Ohio State Medical Board's decision to revoke Snyder's license to practice medicine in Ohio. This court affirms the judgment.

On August 13, 1980, the board issued an order prohibiting Snyder from practicing obstetrics, rendering any pre-natal or post-natal care, and delivering babies. With the exception of these limitations, he was still permitted to practice medicine. The board's decision was affirmed by the trial court and the court of appeals.

After the board's decision of August 13, 1980, Snyder continued to practice obstetrics despite the limitations on his medical license. On December 2, 1981, the board indefinitely suspended Snyder's license. This order was affirmed by the trial court. Snyder appeals to this court.

Assignments of Error Nos. 1 and 4

"1. The State Medical Board of Ohio denied appellant due process of law by its failure to present reliable, pro-bative and substantial evidence to support its order indefinitely suspending the right of appellant to practice medicine and surgery in the State of Ohio."

"4. The Court of Common Pleas denied appellant due process of law by its failure to follow the mandate imposed upon it by O.R.C. Sec. 119.12."

Snyder was cited for violating R.C. 4731.22(B)(6) and (12), failing to conform to the minimal standards of care in his practice, and practicing medicine beyond the scope of his license. Snyder first argues that his actions were not beyond the scope of his license. He admitted that he continued his obstetrics practice after his license was limited by the board on August 13, 1980. However, he argues that he did so on the advice of his attorney, who informed him that he could continue practicing obstetrics while the board's order was being appealed.

The August 13, 1980 order of the board expressly stated that it was effective immediately. The record reveals that Snyder was not granted a stay of this order pending appeal. As such, Snyder's subsequent obstetrics practice was beyond the scope of his license. Snyder's claim that he was relying on the advice of his attorney is no defense. This is the general rule in criminal cases. 25 Ohio Jurisprudence 3d (1981) 168, Criminal Law, Section 63. This rule clearly applies to civil actions. See, generally, *McCrary* v. *Jones* (1941), 34 Ohio Law Abs. 612; and *Link* v. *Wabash RR. Co.* (1962), 370 U.S. 626.

Next, Snyder argues that the evidence does not support the board's finding that he failed to conform to the minimal standards of care in his treatment of Elizabeth Cline. This court has reviewed the record and finds reliable, probative and substantial evidence to support the board's decision.

Finally, Snyder argues that the trial court erred by refusing to weigh the evidence in determining whether Snyder failed to conform to the minimal standards of care. There was conflicting evidence concerning Snyder's medical skills. Upon appeal from the board's decision, the standard of review that guides the trial court is whether there exists reliable, probative and substantial evidence to support the board's decision.

R.C. 119.12. In *Univ. of Cincinnati* v. *Conrad* (1980), 63 Ohio St. 2d 108, 111 [17 O.O.3d 65], the Ohio Supreme Court defined this standard of review as follows:

"In *Andrews* [v. *Bd. of Liquor Control* (1955), 164 Ohio St. 275 (50 O.O. 51)], this court acknowledged that determining whether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the absence or presence of the requisite quantum of evidence. Although this in essence is a legal question, inevitably it involves a consideration of the evidence, and to a limited extent would permit a substitution of judgment by the reviewing Common Pleas Court."

However, the court went on to state that:

"In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. * * *"

In the instant case, there was conflicting testimony given by medical experts concerning whether Snyder's treatment of Cline met the minimum standard of care in his practice. The trial court refused to weigh this testimony. In *Arlen* v. *State* (1980), 61 Ohio St. 2d 168, 174 [15 O.O.3d 190], the Ohio Supreme Court stated:

"* * * The weight to be given to such expert opinion testimony depends upon the board's estimate as to the propriety and reasonableness, but such testimony is not binding upon such an experienced and professional board."

Clearly, the board's judgment should not be second-guessed by the trial court. Thus, the trial court was correct in refusing to reweigh the expert testimony. Rather, the court properly found that the requisite quantum of evidence was present to support the board's order. Accordingly, these assignments of error are overruled.

Assignments of Error Nos. 2 and 3

"2. The State Medical Board of Ohio denied [sic] equal protection under law by its failure to set forth the minimal standards of care of similar practitioners under the same or similar circumstances in which appellant found himself.

"3. The State Medical Board of Ohio denied appellant due process of law by a failure to produce evidence of violation of minimal standards of care of the general practice of medicine and surgery, exclusive of obstetrics."

In *Arlen* v. *State, supra,* at 172-173, the Ohio Supreme Court stated:

"A medical disciplinary proceeding, such as in the instant cause, is a special statutory proceeding which purports to maintain sound professional conduct. The licensing board, which is comprised of individuals fitted by training and expertise to perform the duties imposed upon it, weighs and considers whether a certain act is one of 'reasonable care discrimination' or a departure from the 'minimal standards of care' within the medical profession."

A physician must conform to reasonable standards of medical care based upon that used by practitioners under similar circumstances. Each physician is therefore charged with the knowledge of the appropriate medical standard of care. For this reason, the medical board, which is in major part composed of physicians, does not require expert opinion testimony to establish minimal standards of care. The board has its own expertise and is capable of drawing its own conclusions as to whether Snyder failed to conform to the minimum standards of care.

Accordingly, these assignments of error are overruled.

Assignment of Error No. 5

"The State Medical Board of Ohio denied appellant due process of law by its failure to consider written objections to the report and recommendation of its hearing officer before approval of the hearing officer's recommendation."

Snyder contends that the board failed to consider his objections to the hearing officer's report and recommendations. He argues that the trial court erred in excluding an affidavit purporting to represent the time spent by the board in reviewing his objections.

The record reveals that Snyder's objections were filed with the board and that these objections were subsequently considered. Evidence concerning the time taken by the board to read Snyder's objections is immaterial. As this court previously stated in *Snyder* v. *State* (Oct. 21, 1981), Summit App. No. 10187, unreported, due process means the right to be heard. Snyder was entitled to notice, a hearing, proceedings according to law, and a judgment rendered on the facts adduced. Snyder was not denied due process of law. Thus, this assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and MAHONEY, J., concur.