OHIO STATE MEDICAL BOARD, APPELLEE, *v.* CURTWRIGHT, APPELLANT.

(No. CA86-05-037 — Decided December 31, 1986.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Lauren M. Ross,* for appellee.

*Douglas M. Mansfield,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clermont County.

In 1983, plaintiff-appellee, the State Medical Board, began investigating the prescribing practices of Dr. Lewis K. Curtwright, D.O., defendant-appellant. As a result of the investigation, appellee charged appellant with inappropriately prescribing certain drugs, overprescribing addictive drugs, and prescribing habit-forming drugs for excessive time periods. After a formal adjudicatory hearing, appellant was found to have violated R.C. 4731.22(B)(2), (3), and (6).

Based on these findings, on August 8, 1984 appellee issued the following order to appellant:

"1. Dr. Lewis K. Curtwright's license to practice osteopathic medicine or surgery in Ohio shall be suspended for eighteen (18) months. All but thirty (30) days of the suspension will be stayed depending upon his compliance with paragraphs 2, 3, 4 and 5 of this Order.

"2. Dr. Lewis K. Curtwright shall appear before the State Medical Board of Ohio or its agent every three months during the suspension period.

"3. Dr. Lewis K. Curtwright shall spend four weeks (20 days) at a drug treatment facility approved by the Medical Board as an observer. The Director of that treatment facility shall provide to the Board evidence of compliance with this paragraph.

"4. Dr. Lewis K. Curtwright's DEA certificate shall be surrendered for a period of six (6) months.

"5. Dr. Lewis K. Curtwright shall keep a log of all controlled substances he prescribes during the eighteen months of his suspension, and shall present said log during his

appearances before the Board or its agent.

"6. An effective date of September 15, 1984 shall be placed on this Order."

Appellant complied with the above conditions. Therefore, after the thirty-day suspension, appellant's medical license was reinstated subject to the conditions in the order.

Appellant appeared before the medical board on December 5, 1984. At that meeting, appellant presented his log of controlled substances which showed that he had prescribed controlled drugs several times. Upon questioning by board members, appellant stated that he did not know these prescriptions were controlled substances as a pharmacist advised him that the prescriptions did not contain controlled drugs.

On February 20, 1985, appellee charged appellant with violating the terms of its order by writing prescriptions for controlled substances after having been ordered to surrender his DEA certificate for six months. After a hearing on this charge, appellee issued an order on March 12, 1986 suspending appellant's medical license for the full eighteen-month period of the original order.

Pursuant to R.C. 119.12, appellant filed an appeal of the suspension order to the Court of Common Pleas of Clermont County. The court found that appellant had violated appellee's order to surrender his DEA certificate by prescribing controlled drugs. The court determined that implicit in the order was the understanding that, by surrendering his certificate, appellant would not prescribe any controlled substances for six months. The court therefore concluded that, since appellant violated the initial order, appellee's final suspension order was proper.

On appeal, appellant presents the following as his sole assignment of error:

"The trial court erred in upholding the order of the State Medical Board."

Under R.C. 119.12, the standard of review used by a trial court on the appeal of an administrative decision is as follows:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *"

This court, on appeal, is limited to determining whether the decision of the court of common pleas upholding appellee's order is supported by reliable, probative and substantial evidence and is in accordance with law.

Appellee based its order suspending appellant's medical license on R.C. 4731.22(B)(11) (see 139 Ohio Laws, Part I, 2401, 2410-2411). This provision states that the medical board can suspend a license for "[v]iolation of the conditions of limitation placed by the board upon a certificate to practice * * *." Appellee argues that, by prescribing controlled drugs, appellant violated paragraph four of the order which required him to surrender his DEA license. Under federal law, a DEA license is necessary to prescribe controlled substances. Section 801 *et seq.*, Title 21, U.S. Code.

A review of the evidence shows that appellant did surrender his DEA license as required by paragraph four of the order. The record also shows that appellant kept a log of the controlled substances he prescribed and presented this log to the medical board as required by paragraph five of the order.

While prescribing controlled substances without a DEA license may violate federal law, appellee's order

does not specifically prohibit appellant from writing these prescriptions. Moreover, by requiring appellant to keep a log of all controlled substances prescribed during the suspension period, the order implies that prescriptions can be written.

Because the order is both ambiguous and contradictory, it was error for the trial court to find that appellant violated a condition of the order. Since appellant's actions did not violate R.C. 4731.22(B)(11), the decision of the trial court holding otherwise is contrary to law.

Appellant's assignment of error, therefore, is sustained.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed
and cause remanded.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.