### Leon v.
### State Bd. of Psychology
*[Cite as 8 AOA 356]*

*Case No. 57256*
*Cuyahoga County, (8th)*
*Decided November 15, 1990*

*Sheldon Berns, Kahn, Kleinman, Yanowitz & Arnson Company, L.P.A., 1300 Bond Court Building, East Ninth Street at St. Clair Avenue, Cleveland, Ohio 44114-1546, for Plaintiff-Appellee.*

*Anthony J. Celebrezze, Jr., Attorney General and Michele Morris, Assistant Attorney General, 1515 State Office Tower, 30 East Broad Street, Columbus, Ohio 43266-0410, for Defendant-Appellant.*

McMANAMON, J.

The Ohio State Board of Psychology ("the board") permanently revoked a license to practice psychology formerly issued to Julian P. Leon. The board now appeals the reversal of that order by the common pleas court. In two assigned errors[1] the board challenges the court's interpretation of the law and standard of review. The record demonstrates these arguments have merit.

During the summer of 1988 "Client X" brought charges against Leon, her former therapist and lover, for negligently practicing psychology (R.C. 4732.17 (E)) by (1) engaging in a dual relationship which was defined as a sexual relationship with an immediate ex-client (O.A.C. 4732-17-01(A)(2)(d)); (2) exploiting the trust/dependency of a client (O.A.C. 4732-17-01(A)(2)(C)); (3) failing to recognize the boundaries of his competence (O.A.C. 4732-17-01(B) (1)); and (4) violating the rules of professional conduct (R.C. 4732.17).

After a hearing, the board found that Leon had a therapeutic relationship with Client X from July 1984 through November 1985. Before that time, Leon acted as a group leader in Gestalt Institute programs in which the woman participated.

Four months later, in March 1986, Leon and Client X entered into a social relationship which became a sexual relationship in June 1986.

The Board concluded Leon violated all of the code sections charged.

On appeal, the trial court reversed the revocation order, finding it was not supported by "reliable, probative and substantial evidence." The court determined that it was Client X who initiated and pursued the relationship with Leon and that a "significant"

amount of time elapsed between termination of therapy and the beginning of the social relationship.

We will first address the board's second assigned error which posits the trial court applied an erroneous standard of review. The board contends the trial court improperly reassessed the evidence and substituted its judgment for that of the board.

The standard of review for a common pleas court reviewing a decision of an administrative board is set forth in R.C. 119.12:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable probative, and substantial evidence and is in accordance with law. ***"

In reviewing a trial court's judgment determining an administrative appeal, an appellate court is limited to deciding whether the court abused its discretion. *Kenney v. Dept. of Admin. Services* (1984), 14 Ohio App. 3d 33. To do this, we must determine whether the court's decision is "*** supported by reliable, probative and substantial evidence and is in accordance with law." *Ohio State Bd. of Pharmacy v. Poppe* (1988), 48 App. 3d 222, 224, citing *Ohio State Medical Bd. v. Curtwright* (1986), 34 Ohio App. 3d 369.

Evidence adduced at the administrative hearing indicated that, as Client X's therapist, Leon impermissibly disclosed personal problems he was encountering in the divorce of his purported common law wife (also his former client) and engaged in physical contact with Client X, publicly and privately. This conduct included hand holding, hugging and genital contact.

Though evidence conflicts as to when the therapeutic relationship ended and the social began, the board concluded the therapy ended on the date for which Client X last paid Leon, in November 1985. The board likewise determined the couple's social relationship commenced with telephone calls and dates in March 1986. The trial court should give deference to the board's resolution of evidentiary conflicts. *University of Cincinnati v.*

*Conrad* (1980), 63 Ohio St. 2d 108; *Berezoski v. Ohio State Medical Bd.* (1988), 48 Ohio App. 3d 231; *Mofu v. State Medical Bd.* (1984), 21 Ohio App. 3d 182; *Snyder v. State Medical Bd.* (1984), 18 Ohio App. 3d 47, certiorari denied 105 S.Ct. 1760.

The evidence further shows that, though Client X was herself a professional counselor, she had emotional problems and trusted Leon to guide her. Evidence also indicated Leon exerted a degree of control over her, during therapy, by having her come to Cleveland from Bloomsburg, Pennsylvania for sessions at his home. Exhibits, which included numerous cards and other correspondence from Leon to Client X, reference her psychological problems in the context of his personal messages.

The trial court, in its entry, emphasized the testimony of attorney Susan Gragel to bolster its opinion that Client X, as the controlling party, initiated the relationship with Julian, thereby absolving him of responsibility. The trial court may not, in the course of its review, substitute its judgment for that of the administrative board and should refrain from reweighing evidence previously considered by the board. In any case, Client X's willingness to participate in a dual relationship with Leon is not relevant to the issue.

We find the record contains "*** reliable, probative and substantial evidence ***" which supports the board's finding that Leon was negligent in the practice of psychology. As a result, we hold the trial court abused its discretion in reversing the board's order.

This assignment of error is well taken.

The board's first assignment of error challenges the court's interpretation of "dual relationship" as defined in O.A.C. 4732-17-01(A)(2)(d).

The statute states, in relevant part:

"A psychologist or school psychologist should avoid dual relationships with clients and/or relationships which might impair his professional judgment or increase the risk of client exploitation.

"*** A psychologist or school psychologist shall not engage in sexual relationships with clients or immediate ex-clients. Neither shall he terminate a therapeutic relationship with a client for the express or implied purpose of having a sexual relationship with that person."

The board found that the relationship of Leon and Client X became sexual within seven months of the cessation of formal therapy. While Leon urges that, at the time they became intimate, Client X was no longer an "immediate ex-client," he acknowledges that the influence of a therapeutic relationship may last as long as a year beyond termination of formal therapy.

Entering a sexual relationship with an ex-client four weeks after the professional relationship ended was held to be in violation of O.A.C. 4732-17-01(A)(2)(d) where the psychologist discussed the client's attractiveness and the possibility of a social relationship during therapy. *Barnett v. Wendt* (1986), 33 Ohio App. 3d 124. The record in this case discloses that Leon simultaneously conducted professional and personal relationships with Client X which developed into a sexual relationship within seven months of the termination of, formal therapy. Leon argues that this seven month hiatus was beyond the statutory proscription of dual relationships. We disagree.

In reviewing the entire record, we find this evidence of Leon's close personal relationship with Client X, which followed documented touching -- hand holding, hugging and genital contact -- in the course of therapy, substantial, reliable and probative enough to support the board's conclusion that Client X was an immediate ex-client and, as a result, the two engaged in a dual relationship as prohibited by R.C. 4732-17-01(A)(2)(d).

This assignment has merit.

The judgment of the trial court is reversed and remanded for reinstatement of the board's order.

Judgment accordingly.

JOHN V. CORRIGAN, P.J., and SWEENEY, J., concur.

---

[1] See Appendix

APPENDIX

Appellant's assignments of error are:

I. "The court of common pleas erred as a matter of law by incorrectly interpreting R.C. 4732.17(G) and O.A.C. 4732-17-01.

II. "The common pleas court abused its discretion when it refused to apply the appropriate standard of review in this case."