HOWELL *v.* COOPER.

(Decided June 24, 1929.)

*Messrs. Moulinier, Bettman & Hunt,* for plaintiff.
*Messrs. Nichols, Morrill, Wood, Marx & Ginter,* for defendant.

HAMILTON, J. This case is here on appeal from the court of common pleas of Hamilton county.

The action instituted by plaintiff, Niles L. Howell, is one to enjoin the claimed violation of the Cincinnati zoning ordinances in the location and construction of an apartment building at the corner of Ashland avenue and Locust street, which property immediately adjoins plaintiff's lot, on which is located plaintiff's residence.

The court of common pleas granted a permanent injunction. From that judgment the defendant, Myers Y. Cooper, appeals.

The right of the plaintiff to maintain the action is not challenged here, as such right was determined

in the case of *Pritz* v. *Messer,* 112 Ohio St., 628, 149 N. E., 30. As we see it, the only question here is one of fact, whether the proposed construction of the apartment building violates the Cincinnati zoning ordinances.

The main question concerns the rear yard depth, as provided in the ordinances. The sections of the ordinances involved are 452-52 and 452-54, which read as follows:

"Section 452-52: In Residence 'A' Districts the least depth of the rear yard shall be at least 25 feet behind a one-story building or a one-story rear projection, and at least thirty feet behind a two or three-story building or a two or three-story rear projection. In Residence 'B' and 'C' Districts the least depths of any rear yard at the levels of the lowest window sills of the various stories shall be as follows:

| Stories | Res. B. Districts Rear Yard Least Depth | Res. C. Districts Rear Yard Least Depth |
|---|---|---|
| 1. | 20 ft. | 15 ft. |
| 2. | 25 ft. | 20 ft. |
| 3. | 25 ft. | 20 ft. |

\* \* \* \* \* \* \*

"Section 452-54: The rear yard depths specified in Sections 452-51, 452-52 and 452-53 are measured perpendicularly to the rear lot lines or to the center of an alley or a railroad right of way, bordering the rear of the lot. For each foot by which a lot at the time of enactment of this ordinance is less than 120 feet deep, two inches may be deducted from the re-

quired depth of the rear yard, provided that no rear yard shall be less than ten feet in depth in any case. In any district no lot shall be so reduced in area after the enactment of this ordinance as to make the rear yard less in depth than is prescribed in Sections 452-51, 452-52, 452-53, and 452-54 for a lot 120 feet in depth."

The specifications for the building call for a three-story building. Under the ordinances, the calculations require a rear yard depth of 13 feet and 10 inches.

Plaintiff contends that the rear yard is adjacent to his property, which property fronts on Ashland avenue, and the evidence is that the space provided for along plaintiff's lot line is about a seven-foot space.

The evidence is that the main entrance to the apartment building is on Locust street opposite the property of the plaintiff.

It is argued that the fact that the main entrance is on Locust street does not necessarily make the opposite side the rear, within the meaning of the ordinance.

Rear space is opposite the front, and no force can be given to contrary argument.

The record discloses a court in the approach to the apartment building from Locust street, with steps leading up through the center, and with a wing on either side of the court, uncontrovertible proof that the front entrance is provided for on Locust street. The rear being opposite the front, there can be no question as to the rear yard and as to that rear yard being adjacent to the premises of the plaintiff. The ordinance provides such rear yard

shall have a depth of 13 feet and 10 inches. The construction of the apartment building therefore violates the Cincinnati zoning ordinances.

The plaintiff having a right to prevent the violation of the zoning ordinances, and the evidence disclosing such violation, it follows that the plaintiff is entitled to the relief prayed for in the petition, and a permanent injunction will be granted.

Some argument is made that the ordinance cannot be applied to the facts in this case, for the reason that the lot, being a corner lot, fronts on two streets, and that, under the ruling of the commission, the owner may select the front, and there is some claim that the front of the lot is on Ashland avenue and that there is more than 13 feet and 10 inches at the end of the lot opposite Ashland avenue. The contention, however, could be of no avail to the defendant, for the reason that, if that were so, under the evidence there would still be a violation of the Cincinnati zoning ordinances, in that the building does not meet with the requirement of the front setback.

It is suggested in defendant's brief that plaintiff is not entitled to equitable relief, for the reason that he sat by and permitted a large expenditure of money before bringing his action.

The evidence is that the plaintiff was opposing the issuing of the permit before the zoning commission. While the matter was pending before the zoning commission, and before a lawful permit was issued, defendant proceeded without authority to incur the expenditures claimed.

It is further suggested that, if the plaintiff is permitted to have the relief in equity asked for, it will

amount to a confiscation of property. The evidence does not support any such situation. It may require a different kind of building from that desired by the defendant. This objection is probably true in every case in which the zoning ordinance is called into question. If objection to plans and locations of proposed buildings is to be held confiscatory, then the ordinance would cease to be regulatory, and there would be no zoning proposition.

A decree may be presented in accordance herewith.

*Decree accordingly.*

CUSHING, P. J., and ROSS, J., concur.