**BOARD OF LIQUOR CONTROL, Appellee-Appellant, v. BUCKEYE LAKE HOTEL·COMPANY, d. b. a. LAKE BREEZE HOTEL, Appellant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5927.   Decided October 14, 1958.

William Saxbe, Atty. Genl., Chester Hummell, Asst. Atty. Genl., Columbus, for appellee-appellant.

Bruno E. Voltolini, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court, finding that the order of the Board of Liquor Control is supported by "reliable, probative and substantial evidence and is in accordance with law," but the court was of the opinion that the penalty of revocation of appellant's liquor permits was too severe and, accordingly, ordered the

penalty of revocation vacated and then ordered them suspended for a period of sixty days.

The question presented is, whether or not under such circumstances the court erred in the modification of the sentence. This court has clearly expressed itself on the identical question presented in the case of **Delmonte Cafe, Inc. v. Department of Liquor Control, 74 Abs 459,** saying at page 460:

"The Court having found that the order is supported by reliable, probative and substantial evidence and is in accordance with law had no power under the statute to modify the penalty by reducing it from 45 days to 15 days."

See also **Andrews v. Board of Liquor Control, 164 Oh St 275,** and §119.12 R. C. This section provides in part:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

We are of the opinion that this section clearly provides that it is only when the reviewing court does not find that the order is supported by "reliable, probative, and substantial evidence," that the court has the power to consider vacation, reversal or modification of the order appealed from.

Counsel for the permit holder cites the case of **Carpenter v. Sinclair, 78 Abs 74,** wherein the penalty was modified by the Court of Appeals under the provisions of §119.12 R. C., but this case is distinguishable on the facts, for here the defendant was charged with four separate violations of §4735.18 R. C., and found guilty on each by the Board of Real Estate Examiners.

Upon appeal to the Court of Common Pleas, the finding and determination of the Board was affirmed; however, upon appeal to the Court of Appeals, the court found that three of the charges were not supported by the degree of proof required under §119.12 R. C. Since only one of the charges was sustained, the court then proceeded to modify the penalty. We are of the opinion that the modification was permissible under the cited section of the Revised Code, and there can be no conflict with our case.

It appears to the members of this court that the penalty is quite severe, but this is a matter resting exclusively with the Board of Liquor Control under the facts presented. Our legislature has defined the instances in which a penalty may be modified, and this appears not to be a case where modification is permissible under the statute.

The judgment will be reversed and the order of the Board of Liquor Control affirmed. The cause is ordered remanded for enforcement of the order.

PETREE, PJ, BRYANT, J, concur.