BLAZIC, APPELLEE, *v.* OHIO STATE DENTAL BOARD, APPELLANT.

[Cite as *Blazic v. Ohio State Dental Bd.* (1993), 66 Ohio St.3d 240.]

(No. 92–241—Submitted February 17, 1993—Decided May 19, 1993.)

*White, Getgey & Meyer Co., L.P.A., Frank R. Recker* and *David I. Thompson,* for appellee.

*Lee Fisher,* Attorney General, *Ava W. Serrano* and *Susan C. Walker,* Assistant Attorneys General, for appellant.

PFEIFER, J. The decision of the Court of Appeals for Hamilton County is reversed because the findings in the adjudication order of the OSDB were based on a proper interpretation of Ohio law and were supported by reliable and probative evidence, except for the finding that Dr. Blazic provided dental care that departs from the accepted standards for the profession as required by R.C. 4715.30(A)(7). The sanctions which the OSDB imposed against Dr. Blazic are to remain in effect because they are reasonable, even though there was no evidence to support the charge of substandard dentistry.

I

The OSDB was presented with sufficient evidence to conclude that Blazic had violated R.C. 4715.30(A)(2).

A

There is evidence in the record indicating that Dr. Blazic violated R.C. 4715.30(A)(2). The statute provides:

"(A) The holder of a certificate or license issued under this chapter is subject to disciplinary action by the state dental board for any of the following reasons:

" * * *

"(2) Obtaining or attempting to obtain money or anything of value by intentional misrepresentation or material deception in the course of practice[.]"

The OSDB, in counts one to fourteen of its notice of an opportunity for hearing, determined that Dr. Blazic had billed Community Mutual Insurance Company on fourteen occasions for the services of a surgical assistant when Dr. Blazic had actually been assisted by a registered nurse ("RN"). Because the board held that each of these billings was inappropriate, it concluded that Blazic had attempted to obtain money by intentional misrepresentation or by material deception.

The record indicates that the dental board's conclusion is well supported by the evidence. There was testimony by several witnesses well acquainted with insurance industry practices who indicated that billing for the services of a "surgical assistant" who is actually an RN is an inappropriate practice in the medical insurance industry. Dr. Michael Barnes Lee, an oral and maxillofacial surgeon, testified that it is improper for dentists to bill for their surgical assistants who are RNs. Because the evidence presented at the hearing demonstrated that Blazic's billing practices directly conflicted with the standards of the dental profession and the medical insurance industry, the OSDB had a reasonable basis to conclude that Dr. Blazic was attempting to obtain money through material deception in violation of R.C. 4715.30(A)(2), as alleged in counts one to fourteen of the notice of an opportunity for hearing.

### B

In counts fifteen and seventeen, the dental board found that Dr. Blazic had also attempted to obtain money by intentional misrepresentation or material deception by billing for an assistant surgeon when no one fitting that description appears on the hospital records. Dr. Blazic conceded that the hospital records relevant to these two charges did not indicate that Blazic had anyone accompany him into the operating room other than his nurse and hospital employees. Under R.C. 4715.30(A)(2), billing for a nonexistent assistant constitutes, at the very least, "material deception," if not intentional misrepresentation. The OSDB's determination that Dr. Blazic violated the statute on these two occasions was well supported by the evidence.

### II

In addition to violating R.C. 4715.30(A)(2), Dr. Blazic violated R.C. 4715.19. The relevant portion of the statute provides: "No person, being a manager, proprietor, operator, or conductor of a place for performing dental operations, shall employ a person who is not a licensed dentist to perform dental

operations or shall permit such person to practice dentistry in his office." Dr. Blazic has admitted that he contacted Dr. Vincent Edwin DiFabio, who is licensed to practice dentistry in Maryland, but not in Ohio, and invited DiFabio to observe and assist with an operation that Dr. Blazic was performing in an Ohio hospital. Accepting Dr. Blazic's invitation, Dr. DiFabio served as an assistant surgeon for Dr. Blazic during an operation performed in Fairfield Hospital in Fairfield, Ohio.

## A

The license required by R.C. 4715.19 is an Ohio license. When this statute is read in conjunction with the other sections in R.C. Chapter 4715, it is clear that the General Assembly intended to prohibit anyone from practicing dentistry in Ohio without first obtaining a license from the *Ohio* State Dental Board. R.C. 4715.09(A) requires that "[n]o person shall practice dentistry without a current *license from the state dental board.*" (Emphasis added.) A separate statute, R.C. 4715.15, provides the exclusive procedure by which a dentist licensed in another state can obtain a dental license in Ohio. This reciprocity statute prevents those dentists licensed in other states from practicing in Ohio until the OSDB determines that they possess the proper academic credentials, and are of "good moral character." The statute at issue in this case, R.C. 4715.19, complies with the purpose of R.C. Chapter 4715. It requires Ohio's dentists, who are in the best position to detect offenders, to refrain from employing dentists not licensed in Ohio.

## B

The OSDB determined that Blazic was "a manager, proprietor, operator, or conductor of a place for performing dental operations," and, thus, impermissibly employed an unlicensed dentist. The operation in which the unlicensed dentist, Dr. DiFabio, assisted Blazic occurred in a hospital operating room.

The record of the administrative hearing contains enough evidence to provide the State Dental Board with a reasonable basis to conclude that Blazic was the manager, proprietor, operator, or conductor of the hospital's operating room. Dr. Blazic often brought his own nurse into the operating room, and billed his patients for the services of his nurse and assistant surgeon. The patients being treated there were Blazic's. Additionally, Dr. DiFabio participated in the operations only in response to Dr. Blazic's invitation. All of these facts support one conclusion: Dr. Blazic was in control of the hospital operating room. Therefore, Dr. Blazic qualifies as a "manager, proprietor, operator, or conductor of a place for performing dental operations," pursuant to R.C. 4715.19.

## III

The OSDB's finding that Dr. Blazic violated R.C. 4715.30(A)(7) is not supported by the evidence on the record. This statute allows disciplinary action against licensed dentists for "[p]roviding * * * dental care that departs from or fails to conform to accepted standards for the profession, whether or not injury to a patient results."

Appellant's sole basis for supporting this charge was the expert testimony of Dr. Michael Barnes Lee. Dr. Lee testified that, after reviewing the dental treatment records of a patient of Dr. Blazic, he concluded that it was impossible for Dr. Blazic to have performed, and to have properly billed for, the same operation on a patient's jaw on two different occasions.

This evidence alone is simply not enough to conclude that Dr. Blazic had provided substandard dental care. When Dr. Lee was asked whether he had an opinion on the standard of care provided to Blazic's patient, Dr. Lee explicitly stated that he had none. In addition to an absence of expert testimony regarding Dr. Blazic's standard of care, there was no testimony from any of Blazic's patients, who were in the best position to complain about their treatment. Instead, the scope of testimony focussed on the *billing practices* of Dr. Blazic. Accordingly, the OSDB could not properly conclude that Dr. Blazic violated R.C. 4715.30(A)(7).

The record contains sufficient evidence that Dr. Blazic violated R.C. 4715.-30(A)(2) and 4715.19, but does not contain enough evidence to support the OSDB's conclusion that he violated R.C. 4715.30(A)(7). The sanctions imposed against Dr. Blazic are reasonable, even though there was no supportable finding of substandard care. Thus, they remain intact.

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

WRIGHT, J., concurs in judgment only.