OHIO REAL ESTATE COMMISSION, Appellant,

v.

AQUA SUN INVESTMENTS, INC., Appellee.

[Cite as *Ohio Real Estate Comm. v. Aqua Sun Invest., Inc.* (1995), 101 Ohio App.3d 221.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14847.

Decided Feb. 17, 1995.

*Betty D. Montgomery*, Attorney General, and *Laurel D. Blum*, Assistant Attorney General, for appellant.

*Richard G. Denny*, for appellee.

---

WOLFF, Judge.

The Ohio Real Estate Commission ("commission") appeals from the judgment of the Montgomery County Common Pleas Court which modified the commission's order suspending Aqua Sun Investments, Inc.'s real estate dealer's license for one hundred eighty days.

The following is a statement of the facts based on the common pleas court's characterization of the administrative record.

In March 1993, an investigator for the Ohio Division of Real Estate ("division"), Ted Williams, began investigating Aqua Sun. His investigation led him to believe that Luke Byrne was selling real estate for Aqua Sun without an Ohio foreign real estate license. Williams made an appointment to meet Byrne at Aqua Sun on March 30, 1993.

At the meeting, Williams entered into a sales contract for a Florida time-share with Byrne. Williams claimed to need to go to his car to get a check for the deposit and, while in his car, he examined a list of Aqua Sun's salespersons with Ohio foreign real estate licenses. Byrne was not on the list, and Williams returned to the office and identified himself as a division investigator. Upon further investigation, Williams discovered that Michael Adkins was selling time-shares for Aqua Sun, and he also was not on Williams's list of licensed salespersons.

Real estate salespersons commonly leave their employment and return at a later date. Both Byrne and Adkins had left their employment at Aqua Sun, and they returned in March 1993. Each time a salesperson would return to Aqua Sun, the individual had to fill out an application and pay a fee to get his or her license reactivated. Upon their return, Byrne and Adkins each paid the required fee and sent his application to the commission.

Byrne's application was mailed on March 17 and was received by the commission on March 19. His application was later rejected. Byrne made four sales between March 13 and March 30.

Adkins sent his application to the commission on March 23. He did not begin selling real estate until March 30, the day Williams met Byrne at Aqua Sun. Adkins imposed this delay upon himself to allow the commission time to process

his application. When he had previously reactivated his license, the processing had always been complete within four days. His application was approved.

Aqua Sun was charged with gross negligence and with knowingly allowing individuals to sell real estate without a license. The division issued a notice of opportunity for a hearing, and a formal hearing was held before a hearing examiner. The examiner issued his findings of fact and conclusions of law, and he found that Aqua Sun had violated R.C. 4735.18(A)(6) and (34). The examiner acknowledged that there was no evidence showing that Adkins did not have a license on March 30, and the examiner dismissed all charges against Adkins. However, the examiner found that Aqua Sun violated R.C. 4735.18(A)(34) by allowing both Adkins and Byrne to sell without a license.

The commission adopted the examiner's findings, and it suspended Aqua Sun's license for one hundred eighty days. Aqua Sun appealed the commission's order to the Montgomery County Common Pleas Court, in accordance with R.C. 119.12. The common pleas court concluded that the commission's finding that Aqua Sun committed violations by allowing Adkins to sell without a license was not supported by any evidence because there was no evidence that he indeed sold without a license. The commission does not question this conclusion on appeal. The court affirmed the commission's finding that Aqua Sun had violated R.C. 4735.18(A)(6) and (34) with regard to allowing Byrne to sell real estate without a license. The common pleas court modified the commission's order to reduce the suspension of Aqua Sun's license to ninety days.

The commission asserts a single assignment of error.

"The lower court abused its discretion in modifying a penalty which the Real Estate Commission was authorized to impose upon appellee Aqua Sun."

The commission contends that the common pleas court is not authorized to modify a penalty that the commission was authorized to impose. Without referring to the fact that the common pleas court determined that the commission's finding in regards to Aqua Sun's culpability for Adkins's actions was not supported by any evidence, the commission argues that the evidence supported its finding that Aqua Sun had violated R.C. 4735.18(A)(6) and (34).

■ In administrative appeals pursuant to R.C. 119.12, where the order of the agency, here the commission, is supported by reliable, probative, and substantial evidence and in accordance with the law, it is well settled that the common pleas court must affirm the agency's order. R.C. 119.12. See, also, *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233, 10 O.O.2d 177, 163 N.E.2d 678, paragraph two of the syllabus; *Berezoski v. Ohio State Med. Bd.* (1988), 48 Ohio App.3d 231, 237, 549 N.E.2d 183, 189. Only where the order is not supported by

the evidence is the common pleas court authorized to reverse, vacate, or modify the agency's order.  *Henry's Cafe, supra.*

The commission in the present matter imposed a single penalty of a one-hundred-eighty-day suspension of Aqua Sun's license because of its actions in allowing both Byrne and Adkins sell real estate without a license.  The commission argues that, because the common pleas court affirmed its finding that Aqua Sun had committed violations of R.C. 4735.18 with regard to Byrne, the court was not permitted to modify the penalty imposed by the commission.  Indeed, if the commission had originally found that Aqua Sun violated R.C. 4735.18 only by permitting Byrne to sell real estate without a license, the commission still could have suspended Aqua Sun's license for one hundred eighty days.  In that situation, the common pleas court would have had no authority to modify the penalty.  See *Henry's Cafe, supra,* and *Berezoski, supra.*

■ However, where a portion of the basis for the penalty is overruled, R.C. 119.12 does not explicitly state what course of action the common pleas court must take.  Recently, this court affirmed a decision of the common pleas court which upheld the penalty imposed by the Ohio State Dental Board even though the common pleas court did not sustain one of the six charges upon which the penalty was based.  *Kuppin v. Ohio St. Dental Bd.* (May 6, 1994), Montgomery App. No. 14117, unreported, 1994 WL 171219.  In *Kuppin,* we relied upon the Ohio Supreme Court's decision in *Blazic v. Ohio State Dental Bd.* (1993), 66 Ohio St.3d 240, 611 N.E.2d 802.  In *Blazic,* the court of appeals had reversed the board's order in its entirety.  The Supreme Court reinstated the board's order as to two violations, but it agreed with the court of appeals that the evidence did not support a finding of a third violation.  The Supreme Court concluded that "[t]he sanctions imposed against Dr. Blazic are reasonable, even though there was no supportable finding of substandard care.  Thus, they remain intact."  *Id.* at 244, 611 N.E.2d at 807.  It is apparent from the *Blazic* and *Kuppin* decisions that a court reviewing an administrative order pursuant to R.C. 119.12 is authorized to determine the reasonableness of the penalty imposed by the agency in light of the reviewing court's decision that not all aspects of the agency's order were supported by the evidence.

■ It follows that where the reviewing court finds that the original penalty is unreasonable in light of its decision that not all aspects of the agency's order were supported by the evidence, the court is given discretion to fashion the appropriate penalty.  For example, the Franklin County Court of Appeals approved an earlier decision which modified a penalty after finding that three of the four charges of violations were not supported by the evidence.  *Bd. of Liquor Control v. Buckeye Lake Hotel Co.* (1958), 108 Ohio App. 417, 9 O.O.2d 381, 159 N.E.2d 632.

Additionally, this court has previously noted that "the duty with respect to the penalty is one peculiarly within the discretion of the trier of the facts." *Gooding v. Hearing Aid Dealers & Fitters Licensing Bd.* (Jan. 26, 1983), Montgomery App. No. 7934, unreported, 1983 WL 5029. Accordingly, in *Gooding,* we concluded that it was appropriate to remand the matter to the licensing board to determine the appropriate penalty in view of the modified judgment.

Thus, case law demonstrates that if the common pleas court, as a reviewing court, finds that the violations found by an agency are not supported by the evidence, the court has the discretion to affirm the penalty as reasonable, to modify the penalty to make it appropriate for the remaining violations, or to remand the matter to the agency to fashion a new penalty. Our review of the common pleas court's action in this situation is limited to an abuse of discretion standard.

The commission found that Aqua Sun had committed statutory violations by allowing Byrne and Adkins to sell real estate without a license, and it suspended Aqua Sun's license for one hundred eighty days. The common pleas court determined that the portion of the commission's order relating to Aqua Sun's activities vis-a-vis Adkins was not supported by any evidence, and the court reduced the penalty to a ninety-day suspension. Thus, the common pleas court held one half of the justification for the penalty to be without merit and, correspondingly, reduced the penalty by one half. The commission has failed to demonstrate that the common sense approach taken by the lower court was unreasonable, arbitrary, or capricious. Accordingly, the common pleas court did not abuse its discretion by modifying the penalty imposed by the commission.

The assignment of error is overruled.

The judgment of the common pleas court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., and GRADY, J., concur.