BROWN, Appellee,

v.

**OHIO BUREAU OF EMPLOYMENT SERVICES, Appellant.**

[Cite as *Brown v. Ohio Bur. of Emp. Serv.* (1996), 114 Ohio App.3d 85.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–96–25.

Decided Sept. 16, 1996.

86

88

*Russell E. Carnahan,* for appellee.

*Frank J. Reed, Jr.,* Assistant Attorney General, for appellant.

THOMAS F. BRYANT, Judge.

This appeal is taken by appellant Ohio Bureau of Employment Services ("OBES") from a judgment of the Court of Common Pleas of Marion County reversing an order of the State Personnel Board of Review ("SPBR") removing appellee Larry Brown from his position of employment with OBES.

Brown was hired by OBES in 1983. On April 4, 1988, Brown was removed from his position as an administrative assistant for insubordination, neglect of duty, and failure to cooperate with an ongoing investigation into state telephone lease contracts. After a hearing, the administrative law judge ("ALJ") recom-

mended the removal be modified to a ten-day suspension. While the report and recommendation was pending before the SPBR, Brown pled guilty to federal conspiracy charges in relation to the phone lease investigation. The guilty plea was not added to SPBR's review of the removal order.

On December 14, 1990, SPBR accepted the findings of fact made by the ALJ, but affirmed the removal order instituted by OBES. Brown appealed this decision to the Court of Common Pleas of Marion County. On September 27, 1991, the common pleas court reversed SPBR's decision to remove Brown and ordered a ten-day suspension instead. OBES appealed this ruling to the court of appeals. The court of appeals reversed the common pleas court and reinstated the removal order on March 12, 1993. Brown then appealed this judgment to the Supreme Court of Ohio. The Supreme Court reversed the court of appeals on August 3, 1994, and ordered OBES to reinstate Brown with back pay. This reinstatement was effective as of April 4, 1988.

On October 18, 1994, OBES reinstated Brown to his prior position and notified him that as of November 21, 1994, he was on administrative leave. Two removal orders were filed. The first removed Brown retroactively as of October 17, 1990, the date of Brown's conviction. This order was reversed by SPBR on November 23, 1994, as violating Ohio Adm.Code 124–3–01(A)(2). SPBR's decision was affirmed by both the common pleas court and the court of appeals. On January 31, 1996, the Supreme Court of Ohio declined to hear the case.

The second order was effective as of November 21, 1994, and also was based upon Brown's 1990 felony conviction. Brown immediately appealed this order to SPBR. On May 19, 1995, the ALJ issued a report and recommendation that advised SPBR to uphold the removal, based upon *Martin v. Franklin Cty. Sheriff's Dept.* (June 25, 1991), Franklin App. No. 90AP–1342, unreported, 1991 WL 123981. On June 19, 1995, SPBR adopted the ALJ's opinion and affirmed the removal order. Brown appealed this judgment to the common pleas court. At oral arguments, Brown claimed that the removal order violated SPBR's laches rule of Ohio Adm.Code 124–3–04(A). The common pleas court reversed the decision of SPBR and ruled the removal order defective. On May 6, 1996, OBES appealed this judgment to this court.

■ OBES alleges the following assignments of error:

"The common pleas court erred in finding that SPBR's decision was not supported by reliable, probative and substantial evidence in accordance with the law.

"The common pleas court erred in ordering OBES to reinstate Brown to his former position.

"The common pleas court erred in ordering OBES to pay Brown back pay from November 21, 1994, to the date of reinstatement."

As all three assignments of error turn on the common pleas court's reversal of SPBR's decision, we will examine them together.

 In administrative appeals of public employee disciplinary actions, the court of appeals must affirm the judgment of the common pleas court unless the court of appeals finds the lower court has abused its discretion in entering the judgment on appeal. *Kennedy v. Marion Corr. Inst.* (1994), 69 Ohio St.3d 20, 630 N.E.2d 324. An abuse of discretion "implies a decision that is without a reasonable basis and is clearly wrong." *Scandinavian Health Spa, Inc. v. Ohio Civ. Rights Comm.* (1990), 64 Ohio App.3d 480, 488, 581 N.E.2d 1169, 1174. When reviewing the decision of the trial court, the court of appeals "must not substitute [its] judgment for those of an administrative agency or a trial court." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 267.

 The standard of review for the common pleas court is to determine if the agency's order is supported by reliable, probative, and substantial evidence, and is in accordance with law. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748, 750–751. If the court finds that the agency's order is supported by such evidence, the court is bound to uphold the ruling and shall affirm it. *Brown v. Ohio Bur. of Emp. Serv.* (1994), 70 Ohio St.3d 1, 4, 635 N.E.2d 1230, 1232–1233. In this case, the common pleas court applied the wrong standard of review by adding an arbitrariness and unreasonableness condition rather than just reviewing the evidence before SPBR. The standard used by the common pleas court was an abuse-of-discretion test, which is no longer the test for administrative adjudications. *Ohio Bd. of Liquor Control v. Buckeye Lake Hotel Co.* (1958), 108 Ohio App. 417, 9 O.O.2d 381, 159 N.E.2d 632. The result is that the common pleas court abused its discretion by failing to consider the appeal before it upon the proper standard of review.

 The issue in this case is whether the rule of laches as set out in Ohio Adm.Code 124–3–04 bars the removal order. This issue is one of interpretation of Ohio Adm.Code 124–3–04. When a question of interpretation is raised, the court of appeals has the authority to determine the sufficiency of the evidence presented to the common pleas court. R.C. 119.12.

 Ohio Adm.Code 124–3–04 states that "[e]mployees shall not be disciplined for acts which have been known * * * to the appointing authority more than two years prior to the issuance of a 'section 124.34 order.' " Generally, rules made by administrative agencies must be reasonable. *Sterling Drug v. Wickham* (1980), 63 Ohio St.2d 16, 19, 17 O.O.3d 10, 11–12, 406 N.E.2d 1363, 1366. In this case,

"[T]he provisions of the rule contemplate a standard of reasonableness in the evaluation of the appointing authority's decision to discipline an employee. The two-year period, although stated in mandatory terms, embodies the concept of reasonableness such that the appointing authority has the opportunity to explain why its disciplinary action was taken more than two years after the conduct giving rise to the discipline occurred." *Martin v. Franklin Cty. Sheriff's Dept.* (June 25, 1991), Franklin App. Nos. 90AP–1342 and 90AP–1343, unreported.

Generally, substantial compliance with administrative rules and regulations is all that is required. *Id.* Substantial compliance with the rule is found when the time within which the order is filed is reasonable, because "the rule create[s] no absolute measurement of law but rather establishe[s] one parameter for measuring the reasonableness of the disciplinary action taken." *Id.*

In determining how to interpret Ohio Adm.Code 124–3–04, we must look to the language of the rule itself. No committee notes were provided as to what the purpose of this rule is, so we must infer the intent of the agency from the words used. Laches is defined as "a doctrine providing a party with an equitable defense where long-neglected rights are sought to be enforced against the party. Laches signifies an undue lapse of time in enforcing a right of action, and negligence in failing to act more promptly." Barron's Law Dictionary (3 Ed.1991) 266–267. The doctrine addresses the concern that rights be asserted before time adds to the difficulty and uncertainty in judicial inquiry and before the adverse party has so changed his position with respect to the subject that the enforcement of the right would impose unnecessary loss or hardship upon him. Unlike statutes of limitations, laches is principally a question of the inequity of allowing the case to proceed. *Russell v. Fourth Natl. Bank* (1921), 102 Ohio St. 248, 131 N.E. 726. Statutes of limitations are binding, but laches is not. It is open to a reasonableness interpretation.

In order for parties to claim laches, they "must show that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting the claim." *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 20, 558 N.E.2d 49, 53. Material prejudice will not be inferred from a mere lapse of time. *Id.* Whether the delay is significant enough to invoke the defense of laches depends on the circumstances of each individual case. *State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn.* (1989), 42 Ohio St.3d 86, 537 N.E.2d 646.

The record does not show that Brown suffered any detriment due to OBES's failure to bring the charge within two years of the conviction. In fact, Brown does not allege in any way that the felony conviction is not grounds for his removal or that the removal is unreasonable. All he claims is that OBES is time-

barred from dismissing him for the conviction. The doctrine of laches was formed to prevent inequities, not to allow one to escape the consequences of one's bad acts.

Application of the doctrine of laches in this case is inappropriate where the passage of time is due to other litigation concerning the subject of the action. See *Howell v. Cooper* (1929), 33 Ohio App. 287, 168 N.E. 757. Here, OBES did not immediately file a removal order based on the felony conviction because OBES and Brown were litigating Brown's claim that his employment should be reinstated.

 Although Brown's employee status was being appealed, SPBR's removal order was final and effective immediately. An adjudication order is not suspended unless the appellant specifically requests one. R.C. 119.12. The fact that ultimately Brown was ordered reinstated does not mean that he was an employee at the time questioned. By definition, reinstatement is the act of restoring to a previous condition or position. American Heritage Dictionary (2 Ed.1985) 1042. In fact, the effect of a reinstatement is to say that one was not an employee, but should have been and is therefore entitled to back pay. In order for a reinstatement to occur, there must first be a termination or reduction. Brown was not an employee at the time of his felony conviction. Therefore, OBES did not have the capacity to terminate Brown for his felony conviction until his reinstatement in 1994.

 The common pleas court erred in holding that OBES was required to remove Brown again upon his conviction in 1990. The holding in *McKennon v. Nashville Banner Publishing Co.* (1995), 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852, is distinguishable because it deals with federal discrimination statutes, not administrative rules. In addition, the Supreme Court did not require the employer to terminate an employee a second time. That option is permissible to limit possible damages, but is not necessary. The case held that the court cannot force an employer to ignore improper behavior that it learns about during the proceeding. *Id.* at 362–363, 115 S.Ct. at 886–887, 130 L.Ed.2d at 864. However, the court does not state that the proper procedure would be to terminate the employee anew. In fact, the court stated that "[i]t would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated * * * upon lawful grounds." *Id.* at 362, 115 S.Ct. at 886, 130 L.Ed.2d at 863. In this case, a second removal order would have effectively limited the damages recovered by Brown for his first removal. However the lack of a second order will not prevent his termination at a later time for subsequent improper actions learned about while the first action was pending.

Under the circumstances, OBES acted reasonably by issuing immediately the removal order in 1994, when Brown's employment was confirmed. Because

OBES had no need to discipline one who was not an employee, the passage of time for applying Ohio Adm.Code 124–3–04 was tolled until Brown was reinstated, thereby presenting the necessity for further action. OBES acted within the two years of the time as extended when Brown again became an employee subject to discipline.

Upon review of the facts, we find that Brown was not prejudiced by the delay in filing the removal order. No inequity resulted from the delay. In fact, to allow him to continue in his job without penalty would "undoubtedly be disheartening to all state employees who manage to accomplish their daily tasks without defying their superiors and/or committing a felony." *Brown v. Ohio Bur. of Emp. Serv.* (1994), 70 Ohio St.3d 1, 5, 635 N.E.2d 1230, 1233 (Wright, J., dissenting).

For the above reasons, we find that the doctrine of laches, as set out in Ohio Adm.Code 124–3–04, was tolled by the appellate procedure. Thus, reliable, probative, and substantial evidence exists in the record to support the SPBR's ruling and that ruling was in accordance with the law. OBES's assignments of error are well taken.

The judgment of the Court of Common Pleas of Marion County is reversed, and the cause remanded to the court for entry of judgment affirming that of SPBR.

*Judgment reversed.*

HADLEY, P.J., and SHAW, J., concur.