OPINION
This matter arises from a judgment of the Court of Common Pleas of Allen County that affirmed the decision of the State Personnel Board of Review upholding the removal of Appellant, Richard J. Baker, from his employment with Appellee, The Department of Rehabilitation and Corrections, Oakwood Correctional Facility (Oakwood). For the reasons expressed in the following opinion, we affirm the trial court's decision.
The record establishes that Appellant was employed by the State of Ohio for approximately eighteen years. In recent years, Appellant worked as a psychiatric nurse supervisor at Oakwood, a correctional facility located in Lima, Ohio that houses approximately 100 criminally insane prisoners.
In April 1997, Appellant was placed on administrative leave due to allegations that he had been misusing facility equipment during the course of his employment. While still on leave, Appellant returned to Oakwood on August 14, 1997, to meet with an investigator regarding a case against a former Oakwood employee.
At the time of the meeting, various members of the Ohio State Highway Patrol arrived at the facility to conduct a random canine drug "sniff" of vehicles in the Oakwood parking lot. Apparently, these drug sniffs were routine and took place at least once every month. During the procedure, a police dog "alerted" to a scent and led officers to a red Plymouth Laser that authorities discovered belonged to Appellant. Appellant was immediately summoned to the parking lot where he initially consented to a search of the vehicle. As the officers prepared to conduct the search, Appellant revoked his consent, requesting that he speak to an attorney. Brenda Pahl, a criminal investigator with the Ohio State Highway Patrol, thereupon obtained a search warrant within the hour.
Once the warrant had been issued, the officers began searching the inside of Appellant's vehicle where they found, among other items, a stun gun and a small, brown vial containing a substance that appeared to be crack-cocaine. The officers performed a field test on the substance, which yielded a positive result for the presence of cocaine. Appellant was charged and eventually pled guilty to a misdemeanor offense of attempted possession of crack-cocaine.
Due to the August 14, 1997 incident, which specifically violated Rule 30(a) and (b) of the Standards of Employee Conduct, Appellant was removed from his employment, effective January 9, 1998. Appellant filed an appeal with the State Personnel Board of Review (Board), and the case was assigned to an administrative law judge (ALJ).
A hearing on the matter commenced in April 1998. Since several witnesses were called to testify, the proceeding was continued on two occasions and did not conclude until August 27, 1998. Thereafter, in a thirty-five page opinion, the ALJ recommended that the Board affirm Appellant's dismissal. On March 15, 1999, the Board adopted the findings of the ALJ and affirmed Oakwood's decision to terminate Appellant's employment.
Appellant then filed a timely appeal pursuant to R.C. 119.12
in the Court of Common Pleas of Allen County. The trial court upheld the Board's decision by judgment entry dated August 19, 1999. Appellant now appeals to this court, asserting four assignments of error for our review and consideration.
As a threshold matter, we must note the applicable standards of review of both the trial court and this appellate court when considering an administrative appeal. First, it is well established that when reviewing a decision of the Board, the trial court is bound to affirm the ruling if the agency's order is supported by "reliable, probative, and substantial evidence, and is in accordance with the law." Brown v. Ohio Bur. of Emp. Serv. (1996), 114 Ohio App.3d 85, 90.
In reviewing the same cause, the court of appeals is then required to affirm the trial court's decision unless an abuse of discretion has occurred. Id., citing Kennedy v. Marion Corr. Inst. (1994), 69 Ohio St.3d 20. An abuse of discretion is a decision that can be characterized as arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. Therefore, the court of appeals may not substitute its own judgment for those of the Board or of the trial court. Brown,114 Ohio App. 3d at 90. With these standards in mind, we now turn to discuss the merits of Appellant's assignments of error.
Assignment of Error I
 The court below erred in holding that the order of the State Personnel Board of Review was in accordance with the law where the appointing authority failed to consider mitigating circumstances in violation of its own standards of employee conduct.
The record reveals that Oakwood Warden, Kay Northrup, removed Appellant from his position of employment without considering any mitigating circumstances because she was under the impression that the particular violations of the Standards of Employee Conduct required automatic termination. However, during the hearing on the matter, the ALJ allowed Appellant to produce evidence of mitigating circumstances, including prior employment evaluations. The ALJ ultimately concluded that despite the evidence of long time employment and good job performance, this was "not sufficient to offset the serious nature of Appellant's violations."
In affirming the Board's decision, the trial court relied on Steinbacher v. Louis (1987), 36 Ohio App.3d 68, to dispose of the issue. In that case, the Eighth District Court of Appeals held that R.C. 124.03 provides the Board with "broad powers in reviewing final decisions of the appointing authorities." Id. at 70. Included in those powers is the ability to affirm, reverse or modify an agency's decision based upon an independent review of the case and evidence that may not have been presented to the appointing authority. Id. Therefore, because the record demonstrates that the Board conducted an independent review of Appellant's mitigation evidence, the trial court found that the warden's failure to do so was of no consequence, and that the dismissal should be upheld because it was supported by reliable, probative and substantial evidence. We agree and find that the trial court did not abuse its discretion in applying the reasoning of Steinbacher to the present matter.
Accordingly, Appellant's first assignment of error is overruled.
Assignment of Error II
 The court below erred in holding that the order of the State Personnel Board of Review was in accordance with the law where the removal order was altered in violation of OAC Rule 5120-7-05(B)(3)(d).
Ohio Admin. Code Section 5120-7-05(B)(3)(d) states the following, in relevant part:
 The power of the appointing authority to suspend, reduce or remove an employee shall not be delegated. Although a designee may prepare the necessary documents for the disciplinary action, the appointing authority shall personally sign all forms and documents pertaining to the disciplinary action * * *.
In this case, Warden Northrup signed the order of removal terminating Appellant's employment on December 11, 1997. The order was delivered to Appellant on January 5, 1998. Although the effective date of the removal was originally typed in as January 7, 1998, the document shows that that date was crossed out and January 9th was handwritten in its place. Warden Northrup testified that she authorized the change in the effective date and that Oakwood's Labor Relations Officer actually made the alteration.
Appellant argues that since the warden had already signed the order and did not alter the effective date herself, this court should find that the trial court abused its discretion by concluding that the order was in compliance with the above quoted section of the Ohio Administrative Code. We are not persuaded.
Initially, we are compelled to point out that Appellant offers no authority to support his proposition that although the warden may delegate another to prepare the removal order, the warden may not do so after the document has been signed, but before it has been delivered to the affected employee. Indeed, the only requirement stated in Ohio Admin. Code Section5120-7-05(B)(3)(d) is that the appointing authority must "personally sign all forms and documents pertaining to the disciplinary action." The evidence is clear that Warden Northrup complied with the rule in this respect.
Moreover, while we may agree with the position taken by the Seventh District Court of Appeals in Beck v. Harrison Co. Dept. of Human Services (Oct. 23, 1992), Harrison App. No. 433, unreported, that an order without an effective date is invalid, we do not find this case analogous. Unlike Beck, the removal order herein specified an effective date in order to place Appellant on notice of both his termination and his time within which to appeal the decision.
Based upon the foregoing, we find that the trial court did not abuse its discretion in its interpretation of Ohio Admin. Code Section 5120-7-05(B)(3)(d). Accordingly, Appellant's second assignment of error is overruled.
Assignment of Error III
 The court below erred in holding that the order of the State Personnel Board of Review was in accordance with law [sic] because the removal is barred by OAC Rule 124-3-05.
Ohio Admin. Code Section 124-3-05(A) states:
 All incidents, which occurred prior to the incident for which a non-oral disciplinary action is being imposed of which an appointing authority has knowledge and for which an employee could be disciplined, are merged into the non-oral discipline imposed by the appointing authority. Incidents occurring after the incident for which a non-oral disciplinary action is being imposed, but prior to the issuance of the non-oral disciplinary order, are not merged and may form the basis for subsequent discipline.
For purposes of this rule, Ohio Admin. Code Section 124-3-05(A)(2) provides that "non-oral discipline" includes a written suspension order.
The record demonstrates that in January 1998, Appellant received both a written suspension order and the removal order. The suspension encompassed a period of two days prior to the effective date of the removal and was the result of the alleged April, 1997 misuse of Oakwood property. The August 1997 violation for which Appellant was ultimately removed occurred after the incident for which the suspension was ordered, but prior to the issuance of the suspension. Thus, in accordance with the plain language of Ohio Admin. Code Section 124-3-05, the "merger and bar" rule did not preclude Oakwood from terminating Appellant's employment due to the drug sniff incident. Based upon the foregoing, we find that the trial court did not abuse its discretion in its application of this rule.
Appellant's third assignment of error is overruled.
Assignment of Error IV
 The court below erred in holding that the order of the State Personnel Board of Review was in accordance with law [sic] because Appellant was the victim of disparate treatment by the appointing authority in violation of OAC Rule 124-9-11.
Ohio Admin. Code Section 124-9-11(A) provides, in pertinent part:
 The Board may hear evidence of disparate treatment between the appellant and other employees of the appointing authority for the purpose of determining whether work rules or administrative policies are being selectively applied by the appointing authority or to determine whether the discipline of similarly situated employees is uniform.
Appellant offered the testimony of Dr. Khalid Matouk, a staff psychiatrist at Oakwood, to attempt to establish disparate treatment. In particular, the evidence demonstrated that in 1996, Dr. Matouk brought an "alcoholic substance" onto Oakwood property, in violation of Rule 30(a) of the Standards of Employee Conduct, and the only punishment he received was an oral reprimand. Appellant maintains that this constitutes disparate treatment since he and Dr. Matouk were similarly situated in both employee status and conduct. We do not agree.
We first point out that the two disciplinary proceedings at issue were not conducted by the same appointing authority, a requirement that the above quoted language suggests is necessary to establish disparate treatment. The evidence is clear that Warden Northrup, the appointing authority who ordered Appellant's removal, was not employed in this capacity at the time that Dr. Matouk violated the Standards of Employee Conduct. Nevertheless, our analysis will not end here.
Assuming, arguendo, that Appellant, as a nursing supervisor, was similarly situated in employee status to Dr. Matouk, the trial court did not abuse its discretion in finding that there was sufficient evidence to support the determination that Appellant was not similarly situated to Dr. Matouk in terms of conduct.
Dr. Matouk testified that the violation resulted from the fact that he brought a bee extract onto Oakwood property in 1996. He stated that he mixed the extract with water and ingested it in order to cure a stomach ailment. Although the extract was considered an alcoholic substance, Dr. Matouk stated that it was not an alcoholic beverage since it could not be used as an intoxicant. In contrast to Dr. Matouk's behavior, Appellant violated Rule 30(a) of the Standards of Employee Conduct by possessing cocaine on Oakwood property. Certainly, a bee extract that contains a certain amount of alcohol, but which could not be abused or result in intoxication, is quite different from a commonly known, addictive narcotic like cocaine, especially in an environment where criminally insane prisoners are being housed.
Based upon the foregoing, Appellant's fourth assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.