OPINION
In this administrative appeal filed pursuant to R.C. 119.12, David A. Turner appeals the December 26, 2000 judgment of the Allen County Court of Common Pleas, which affirmed the May 23, 2000 decision of the State Personnel Board of Review upholding his termination from the position of Deputy Warden at the Allen Correctional Institution.
On January 22, 1997, the Ohio Department of Rehabilitation and Correction (ODRC) served appellant with a R.C. 124.34 "notice of removal" and terminated his employment as the Deputy Warden of Operations at the Allen Correctional facility. The notice specifically alleged that the appellant had on three separate occasions submitted notarized job applications which falsely stated that he held an "A.A." in Law Enforcement and Business Administration from the a branch campus of the Ohio State University, had placed and accepted telephone calls for an inmate at the State's expense in violation of prison and ODRC rules, and had granted preferential treatment to certain inmates by allowing them to watch movies in his office in violation of prison and ODRC rules. On January 27, 1997, appellant timely filed a notice of appeal of his termination to the State Personnel Board of Review (SPBR). Evidence pertaining to the case was heard by an SPBR administrative law judge over several dates in 1999, and was eventually submitted for the administrative law judge's decision on November 1, 1999.
On April 21, 2000, the administrative law judge issued a forty-two page opinion containing detailed findings of fact and conclusions of law, and relevant to this appeal, specifically noted the following:
 The [ODRC] did prove, by a preponderance of the evidence, that the Appellant was guilty of dishonesty, neglect of duty and malfeasance, in violation of rule number 1 of the Department of Rehabilitation and Corrections Revised Standards of Employee Conduct which were in effect June 17, 1990, and February 18, 1996, as the evidence revealed that the Appellant not only on one occasion but three separate occasions put false and misleading information on three separate civil service applications which were notarized, which also enabled him to meet the minimal qualifications which he did not possess at the time of applying for positions which dictated that he had to possess the same. Further, the evidence revealed that the Appellant also had not attained core undergraduate courses or an actual degree in law enforcement and/or business administration as he was academically dismissed from Lima Technical College. Further, the evidence revealed the Appellant's testimony was not credible when giving his explanations as to why the misleading information was placed on the civil service applications in question.
 The [ODRC] did prove by a preponderance of the evidence that the Appellant was guilty of violating rule number 6 and 5B of the [ODRC] Revised Standards of Employee Conduct * * * for misuse of State property and for purposeful or careless acts which result in misuse of State property. The evidence by a preponderance thereof, indicated that there were numerous phone calls placed on behalf of [an inmate] without [the Warden] giving the Appellant expressed permission to do so.
 * * * *
 The [ODRC] did prove by a preponderance of the evidence that the Appellant was guilty of violating rule number 16 and/or 14 of the [ODRC Standards in effect] regarding theft. The testimony and documentary evidence revealed that approximately $31.89 was billed to the State of Ohio regarding [appellant] allowing [an inmate] to converse with his family members in Battlecreek [sic], Michigan outside of his normal intended scope of authority.
 * * * *
 The [ODRC] did prove by a preponderance of the evidence that the Appellant was guilty of violating rule numbers 45 and 45A of the [ODRC Standards in effect] by giving preferential treatment to an inmate * * *. The evidence, by a preponderance thereof, revealed that the Appellant did give preferential treatment to [an inmate] by letting him utilize the phone system through [the appellant] as Deputy Warden of Operations, someone who should not have one on one contact with the inmates on a continual basis and by allowing [that inmate] and others to view TV in his office and eat candy.
 * * * *
 The Appellant, David A. Turner's testimony was not credible.
Although the administrative law judge did find that the ODRC had failed to prove some of its allegations against the appellant, based upon the foregoing findings he nevertheless affirmed its order removing appellant as the Deputy Warden of the Allen Correctional facility. Appellant filed an appeal of the administrative law judge's order in the Allen County Court of Common Pleas pursuant to R.C. 119.12 on June 7, 2000. On December 26, 2000 that court affirmed the administrative law judge's order, holding that "[e]ven in the face of disputed evidence, as long as the State Personnel Board of Review's decision is supported by reliable, probative and substantial evidence and is in accordance with law, this Court may not substitute its own judgment for the that of the agency." Appellant now asserts four assignments of error with the trial court's judgment.
 THE STATE PERSONNEL BOARD OF REVIEW'S DECISION AS AFFIRMED BY THE TRIAL COURT WAS CONTRARY TO LAW, THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE.
 THE TRIAL COURT ERRED BY UPHOLDING THE PERSONNEL BOARD OF REVIEW'S FAILURE TO DISMISS THE FALSIFICATION CHARGES AS BARRED BY OHIO ADMINISTRATIVE CODE SECTION 124-3-04.
 THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT HAD PRACTICED PREFERENTIAL TREATMENT AND THAT SUCH TREATMENT WAS OUTSIDE THE SCOPE OF TURNER'S DISCRETION AND EMPLOYMENT AS DEPUTY WARDEN OF OPERATIONS.
 THE TRIAL COURT ERRED IN FINDING THAT THE EVIDENCE SUPPORTED THE BOARD'S DECISION TO DISCHARGE APPELLANT.
As appellant's four assignments of error raise similar and related issues, we will address them together. R.C. 124.34 allows a classified state officer or employee to appeal a decision of the SPBR to the court of common pleas, and R.C. 119.12 provides that the court "may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." While the determination made by the court of common pleas is based on whether there is reliable, probative and substantial evidence to support the board's finding, our inquiry is more limited and is restricted solely to resolving the question of whether the court of common pleas abused its discretion in holding that there was evidence to support the board's finding. See,e.g., Kennedy v. Marion Correctional Inst. (1994),69 Ohio St.3d 20, 22 (adopting opinion of this Court). See also Hawkins v. Marion Correctional Inst. (1990),62 Ohio App.3d 863, 870.
In his second assignment of error, appellant argues that Ohio Administrative Code Section 124-3-04 barred his termination, because it operates as a two-year "statute of limitations" on disciplinary actions. Cf. Bond v. Department of Rehabilitation and Correction (Dec. 21, 1999), Richland App. No. 99-CA-22, unreported, 2000 WL 1604 at *2. Appellant contends that because two of the three applications upon which he was found to have falsified his credentials occurred more than two years prior to the date he was terminated, appellant argues that under Bond the Administrative Law Judge was barred from considering them as evidence of wrongdoing. However, this court has previously rejected the view adopted by the Fifth Appellate District in Bond. In Brown v. Ohio Bur. of Emp.Serv. (1996), 114 Ohio App.3d 85, 90-92, discretionary appeal not allowed 77 Ohio St.3d 1543, we held that "[t]he two-year period, although stated in mandatory terms, embodies the concept of reasonableness such that the appointing authority has the opportunity to explain why its disciplinary action was taken more that two years after the conduct giving rise to the discipline occurred." Id. at 91, quotingMartin v. Franklin Cty. Sheriff's Dept. (June 25, 1991), Franklin App. Nos. 90AP-1342 and 90AP-1343, unreported, 1991 WL 123981 at *5. We further held that the plain language of OAC Section 124-3-04 did not act as a statute of limitations, but instead incorporated the doctrine of laches, which "was formed to prevent inequities, not to allow one to escape the consequences of one's bad acts." Brown,114 Ohio App.3d at 92.
Here, appellant does not contend that the ODRC in fact knew that the information on his applications was incorrect, but instead argues that it "should have known" and would have known if it had correctly followed its own internal procedures in reviewing his applications. Although appellant argues that our interpretation of OAC Section 124-3-04 in Brown
was erroneous and that we should instead adopt the Fifth Appellate District's position in Bond, he has provided no persuasive reason for us to do so. Rather, we agree with appellee that the construction of the rule adopted in Bond defeats the entire purpose of requiring the applications to be notarized, and that "the burden would not be placed upon [the appellant] to be truthful in his applications but would be upon the employer to make sure that it catches the deceitful employee's lies." Brief of Appellee at *12. Accordingly, we adhere to our prior judgment.
Appellant's remaining assignments of error all assert that the administrative law judge's factual findings were unsupported in the record. However, our review of the record indicates that there is ample support for the administrative law judge's conclusions. Given our limited powers of review in this type of case, see, e.g., Kennedy,69 Ohio St.3d at 22, we have no authority to find that the trial court's judgment was an abuse of discretion. For these reasons, appellant's four assigned errors are overruled, and the judgment of the Allen County Court of Common Pleas is affirmed.
 __________________ Shaw, J.
WALTERS, P.J. and BRYANT, J., concur.